DMB:KLM:mel:2000V00577

**FILED**
**WILLIAMSPORT**

**AUG 2 8 2000**

PER _____ /s/ _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. BUSHMAN,        :
    Petitioner             :
                           :
    v.                     :    Civil No. 1:CV-00-1230
                           :    (Kane, J.)
JAKE MENDEZ, Warden,       :    (Smyser, M.J.)
    Respondent             :

### RESPONSE TO SHOW CAUSE ORDER

#### I. Procedural History

Petitioner is Michael J. Bushman, an inmate at the Allenwood United States Penitentiary, White Deer, Pennsylvania. On July 10, 2000, Bushman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, claiming that: (1) the Commission failed to conduct a statutory interim hearing in February 2000, which resulted in his inability to earn an additional superior program achievement award; (2) his offense severity has been improperly rated Category Eight, and should be rated Category Seven; (3) the Commission's order that he serve 159 months is arbitrary and capricious; (4) he was not provided with an adequate statement of reasons for the Commission's decision; (5) the Commission failed to state good cause for a decision outside the guidelines; (6) there was unwarranted codefendant disparity in his case; (7) the Commission improperly considered his involvement in arson, which he

alleges was ordered struck from the presentence investigation report; and, (8) the Commission did not make its finding by the preponderance of the evidence, in violation of 28 C.F.R. §2.19(c), and failed to follow paragraphs 2.20-04 and 2.20-03 of its Procedures Manual.

By Order dated July 17, 2000, this Court issued a rule to show cause directing the Warden of USP Allenwood, Jake Mendez, to address the allegations of the habeas corpus petition within twenty days. A motion for enlargement of time was granted on August 8, 2000. The following is the response to the show cause Order on behalf of the United States Parole Commission ("Commission").

## II.  **Factual History**

Bushman was sentenced by the United States District Court for the Eastern District of Virginia on February 29, 1988 to a twenty-five year parolable term of imprisonment (for participation in a racketeering activity and possession with intent to distribute cocaine), to be followed by a ten-year non-parolable sentence for conducting a continuing criminal enterprise. According to the presentence investigation report (PSI), Bushman distributed approximately twenty-four pounds of cocaine (approximately seventy percent pure) between 1983 and 1984 and approximately twenty-four kilograms of cocaine (approximately ninety percent pure) between 1985 and 1987. (See Exh. 1 at 8.[1])

---

[1] For privacy reasons, only relevant portions of the PSI have been provided. Additionally, nonrelevant portions of the pages

2

The Commission conducted an initial parole hearing for Bushman on January 17, 1996. (See Exh. 2.) At that hearing, the Commission found the appropriate offense severity rating under the parole guidelines to be Category Eight (distribution of more than 18.75 kilograms of cocaine). See 28 C.F.R. §2.20, Chapter Nine, Subchapter C, paragraph 921(a), Notes to Chapter Nine, Note 4. Combined with Bushman's salient factor score of eight points, this yielded a parole guideline range of 100+ months to be served prior to release. The Commission ordered that Bushman serve a total of 240 months prior to release--serving 159 months to January 8, 2001 on his parolable term, then serving the remainder on his non-parolable term. (See Exh. 3.)

The Commission conducted a statutory interim hearing for Bushman on February 3, 1998. (See Exh. 4.) As a result of this hearing, the Commission ordered Bushman's presumptive parole date to be advanced by six months for superior program achievement. (See Exh. 5.)

On administrative appeal, the National Appeals Board affirmed the Commission's decision. (See Exh. 6.) In doing so, the Board clarified that Bushman was being held responsible only for the cocaine that he had personally distributed:

> Your offense behavior has been rated as Category Eight because you distributed more than 18.5 kilograms of cocaine of unknown purity. According to the presentence investigation report, you personally distributed

---

submitted to the Court have been redacted.

3

> approximately 34 kilograms of cocaine of unknown purity. Specifically, you were estimated to have distributed one pound of about 70% pure cocaine per month in 1983 and 1984 (for a total of 24 pounds, or about 10 kilograms), and approximately 24 kilograms of 90% pure cocaine between 1985 and 1987. This is well more than the 18.75 kilograms necessary for a Category Eight rating. The Commission's finding in your case was based on the amounts of cocaine you personally distributed, not on any accountability for activities of your co-defendants. Therefore, the Farese case is irrelevant.

(Exh. 6.) The Board further addressed Bushman's claim that it had not complied with its policy regarding granting credit towards the parole guidelines for time spent in custody on non-parolable sentences:

> The Federal Bureau of Prisons is responsible for determining the order in which you will serve your parolable and non-parolable sentences, not the Commission. The Commission has complied with its policy regarding consecutive non-parolable sentences, by ordering that you serve 159 months for the parolable sentence, because you will serve an additional 79 months on your non-parolable sentence, to achieve the final result of service of 240 months. In other words, you have received guidelines credit for the time you will serve on your consecutive sentence.

(Exh. 6.)

On March 28, 2000, the Commission converted Bushman's presumptive parole date of July 8, 2000 to a parole effective date. (See Exh. 7.) On July 8, 2000, Bushman was paroled to his consecutive non-parolable federal sentence. (See Exh. 8.)[2]

---

[2] In respondent's motion for enlargement of time filed August 3, 2000, the Court was informed that Bushman was no longer in the custody of the Parole Commission as he had been paroled to a state detainer on July 8, 2000. However, while investigating the allegations of Bushman's claims, it became apparent that the petitioner had actually been paroled to a consecutive non-parolable

4

### III. Questions Presented

A.  Should the petition for writ of habeas corpus be denied as Bushman was not entitled to a statutory interim hearing once his presumptive parole date was converted to a parole effective date?

B.  Should the petition for writ of habeas corpus be denied as the Commission's decision to rate Bushman's offense as a Category Eight is supported by a rational basis in the record?

C.  Should the petition for writ of habeas corpus be denied as the Commission's order that Bushman serve 159 months is neither arbitrary nor capricious?

D.  Should the petition for writ of habeas corpus be denied as Bushman's claim that he was not provided with an adequate statement of reasons for the Commission's decision is not supported by the record?

E.  Should the petition for writ of habeas corpus be denied as Bushman's claim that the Commission failed to state good cause for a decision outside the guidelines is meritless?

F.  Should the petition for writ of habeas corpus be denied as there was no unwarranted codefendant disparity in Bushman's case?

---

federal sentence, not a state detainer. While we erred in our statement that Bushman was now serving a state sentence, the statements that Bushman had been paroled to another sentence and is no longer in the custody of the Parole Commission remains solid. Bushman had already received a favorable decision from the Parole Commission (i.e., his parole to a consecutive sentence) and, as such, would still not have been prejudiced by the requested extension of time. Nevertheless, we apologize for this error.

5

G. Should the petition for writ of habeas corpus be denied as the Commission's notices of action and notice of action on appeal make no reference to his involvement in arson?

H. Should the petition for writ of habeas corpus be denied as Bushman's claim that the Commission did not apply the preponderance standard in his case is without merit?

Suggested answers in the affirmative.

### IV.  Argument

A. **Bushman Was Not Entitled To A Statutory Interim Hearing Once His Presumptive Parole Date Was Converted To A Parole Effective Date.**

Bushman first alleges that the Commission failed to conduct a statutorily required statutory interim hearing in February, 2000, which resulted in his inability to earn an additional superior program achievement award. However, under the Commission's procedures, where a record review results in conversion to an effective parole date, the statutory interim hearing shall be canceled:

> Where a statutory interim hearing is scheduled for a time subsequent to a presumptive date record review, the statutory interim hearing shall be canceled if the record review results in an effective parole date. [For example, a prisoner is scheduled for a presumptive date after 21 months (with a statutory interim hearing at 18 months). During the 12th month, a presumptive date record review is conducted, and the effective parole date is approved. The statutory interim hearing is not to be conducted.] . . .

U.S. Parole Commission Procedures Manual, ¶2.14-01(b) (copy appended as Exhibit 9). Under this provision, the conversion of Bushman's

6

presumptive parole date to a parole effective date nullified his entitlement to a statutory interim hearing before that effective date.

Furthermore, Bushman was not prejudiced by not receiving a hearing rather than a record review. Under the Commission's regulations, the Commission has the authority following a record review to advance an inmate's parole date for superior program achievement. See 28 C.F.R. §2.14(b)(2)(iv). Therefore, to the extent that Bushman claims he was harmed by not receiving a hearing because he lost the opportunity to be considered for an award for superior program achievement, his claim is without merit; the Commission had the authority to grant such an award had it deemed one appropriate. Therefore, Bushman was not prejudiced by not receiving an interim hearing shortly before his parole date.

B.  **The Commission's Decision to Rate Bushman's Offense As A Category Eight Is Supported By A Rational Basis In The Record.**

Bushman next complains that his offense severity has been improperly rated as Category Eight when it should be rated as Category Seven. It is important to note that this challenge cannot be presented to the Court for a <u>de novo</u> determination of factual issues. <u>Kramer v. Jenkins</u>, 803 F.2d 896, 901 (7th Cir. 1986); <u>Billiteri v. United States Board of Parole</u>, 541 F.2d 938, 943-44 (2nd Cir. 1976). Rather, the scope of review is limited to determining whether the Parole Commission had "any evidence" to support its finding:

7

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Superintendent v. Hill, 472 U.S. 445, 454 (1985); Marshall v. Lansing, 839 F.2d 933, 946 (3rd Cir. 1988); Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir. 1982).

As the United States Court of Appeals for the Third Circuit stated in Zannino v. Arnold, 531 F.2d 687 (3d Cir. 1976):

> The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons.

531 F.2d at 691; accord, Campbell v. U.S. Parole Commission, 704 F.2d 106, 109-10 (3rd Cir. 1983); Bridge v. U.S. Parole Commission, 981 F.2d 97, 100 (3d Cir. 1992); Paris v. Whalen, 666 F. Supp 715, 718 (M.D. Pa. 1987) (Muir, J.) ("The role of a reviewing court is to determine whether the Commission abused its broad discretion by inquiring as to whether there is a rational basis on the record for the Commission's conclusion."); Butler v. U.S. Parole Commission, 570 F. Supp. 67-77 (M.D. Pa. 1983) (Nealon, J.) (The Court is not empowered to substitute its judgment for that of the Commission in evaluating habeas petitioner's claims unless the Commission's exercise of its discretion represents an egregious departure from rational decision-making).

8

There is clearly a rational basis in the record to support the Commission's rating of Bushman's offense as Category Eight: i.e., information in the PSI that he was personally responsible for the distribution of about thirty-four kilograms of cocaine. (Exh. 1 at 8.) While Bushman claims that he distributed only fourteen pounds of cocaine, the Commission is not required to accept his characterization of his own degree of involvement.

Furthermore, the Commission may rely on information in the PSI in making parole decisions. E.g., Melvin v. Petrovsky, 720 F.2d 9, 11 (8th Cir. 1983); Nunez-Guardado v. Hadden, 722 F.2d 618, 622 (10th Cir. 1983); United States ex rel. Goldberg v. Warden, 622 F.2d 60 (3d Cir. 1980). Therefore, Bushman's claim that the Commission erred in rating his offense severity as Category Eight must be rejected.

C. **The Commission's Order That Bushman Serve 159 Months Is Not Arbitrary or Capricious.**

Bushman's allegation that the Commission arbitrarily and capriciously ordered that he serve 159 months (actually, 153 months after a six-month award for superior program achievement) should be rejected. The determination of a parole date within the applicable parole guideline range is a matter within the discretion of the Commission and not subject to judicial review. Marshall v. Lansing, 839 F.2d at 949-50 ("The role of the court, in reviewing a within-guidelines parole decision, is therefore essentially

limited to insuring that the guidelines were in fact followed, . . .").

The guideline range in Bushman's case was 100+ months; the decision that he serve 153 months prior to parole is a decision within that range. Therefore, his claim that the decision is arbitrary and capricious must be dismissed.

D. **Bushman's Claim That He Was Not Provided With An Adequate Statement Of Reasons For The Commission's Decision Is Not Supported By The Record.**

Bushman next asserts that the notice of action in his case is flawed because it fails to state the facts the Commission relied upon to find that he distributed more than 18.75 kilograms of cocaine and does not indicate whether that quantity was distributed by him alone or by the entire motorcycle club. However, the Commission's notice of action on appeal dated June 12, 1996 (Exhibit 6) is quite thorough in specifying the quantities considered, the source of the information (the PSI), and the fact that the Commission was holding Bushman responsible only for the drugs he personally distributed. His claim that he was not provided with statutorily adequate reasons lacks any basis in the record.

E. **Bushman's Claim That The Commission Failed To State Good Cause For A Decision Outside The Guidelines Is Meritless.**

The Commission's statute requires that it state good cause for a denial of parole notwithstanding the guidelines. 18 U.S.C.

§4206(c).[3] As noted above, the decision in Bushman's case was a decision **within**, not above, his guideline range of 100+ months. As the court held in Madonna v. U.S. Parole Commission, 900 F.2d 24, 26 (3d Cir. 1990), because the Category Eight guideline ranges do not have an upper limit, decisions above the guideline range are not possible. Accordingly, a statement of "good cause" for exceeding the guideline range is not required in Category Eight cases. See also Kele v. U.S. Parole Commission, 775 F.2d 243 (8th Cir. 1985).

F. **There Was No Unwarranted Codefendant Disparity In Bushman's Case.**

Bushman has not identified any codefendant who allegedly received any unwarrantedly disparate decision from the Commission. Regardless, there are any number of possible factors which might account for different parole decisions for codefendants; e.g., differences in the prisoner's institutional records, criminal histories, degree of cooperation with authorities, or amount or specificity of information presented in the various cases.

A lenient decision for one offender (whether correctly or incorrectly made on its own merits) simply does not create an

---

[3] "The Commission may grant or deny release on parole notwithstanding the guidelines referred to in subsection (a) of this section if it determines there is good cause for so doing: *Provided*, That the prisoner is furnished written notice stating with particularity the reasons for its determination, including a summary of the information relied upon." 18 U.S.C. §4206(c) (emphasis added).

11

enforceable right to a similarly lenient decision for his codefendant either in sentencing, Entrekin v. United States, 508 F.2d 1328 (8th Cir. 1974); Randall v. United States, 324 F.2d 726 (10th Cir. 1963), or in parole, Augustine v. Brewer, 821 F.2d 365 (7th Cir. 1987); Lynch v. United States Parole Comm'n, 768 F.2d 491, 497-98 (2d Cir. 1985); Page v. United States Parole Comm'n, 651 F.2d 1083, 1086 (5th Cir. 1981); Bush v. Kerr, 554 F. Supp. 726, 734 (W.D. Wis. 1982), aff'd, 738 F.2d 441 (7th Cir. 1984); Hodges v. O'Brien, 589 F. Supp. 1225, 1230-31 (D. Kan. 1984); Baker v. McCall, 543 F. Supp. 498, 501 (S.D.N.Y. 1981). Simply put, is not entitled to be treated in the same manner as his co-defendants. Lynch, supra; Paris v. Whalen, supra.

Furthermore, the PSI indicates that Bushman was among the most culpable participants in the offense; only Richard Bryant is identified as more culpable.[4]  (See Exh. 1 at 7.)  There is no merit to Bushman's claim that there was unwarranted codefendant disparity.

G. **The Commission's Notices Of Action And Notice Of Action On Appeal Make No Reference To His Involvement In Arson.**

The statement of reasons embodied in a notice of action constitutes the official reason for agency action; judicial review of the basis for parole denial is limited to the stated reasons for agency action.  Walker v. Prisoner Review Board, 769 F.2d 396 (7th

---

[4] The Commission required Bryant to serve to the expiration of his sentence (i.e., denied him a parole release).

12

Cir. 1985) (review of parole denial limited to officially stated reasons); Hodges v. O'Brien, 589 F. Supp. 1225, 1229-30 (D. Kan. 1984); Bush v. Kerr, 554 F. Supp. at 730; Baker v. Day, 436 F. Supp. 593, 596 (W.D. Okla. 1977).

Bushman's petition includes a claim that the Commission improperly considered his involvement in arson--which he alleges was ordered struck from the PSI. However, the Commission's stated reasons for denial of parole in Bushman's case make no reference to arson. (See Exhs. 3, 5, 6, 7.) His claim that the arson was considered is mere speculation. The Court should therefore reject Bushman's claim.

H. **Bushman's Claim That The Commission Did Not Apply The Preponderance Standard In His Case Is Without Merit.**

Finally, Bushman asserts that the Commission did not make its finding by the preponderance of the evidence, in violation of 28 C.F.R. §2.19(c), and failed to follow paragraphs 2.20-04 and 2.20-03 of its Procedures Manual. As noted above, judicial review is by the rational basis standard, which is satisfied in this case.

The preponderance standard, as articulated in the Commission's rules, requires it to resolve disputes as to the evidence by relying on disputed evidence "only to the extent that it represents the explanation of the facts that best accords with reason and probability". 28 C.F.R. §2.19(c). In Bushman's case, the Commission had to choose between the official version of his involvement in the offense and Bushman's own version which

13

represented his role as much reduced compared to the official version. Determinations regarding the reliability and accuracy of evidence and of credibility are within the sole discretion of the Parole Commission. <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1179 (9th Cir. 1987).

## V. Conclusion

For the reasons stated above, the petition for writ of habeas corpus should be denied with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

OF COUNSEL:

MICHAEL A. STOVER, General Counsel
SHARON GERVASONI, Attorney
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

Dated: August 28, 2000

14

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. BUSHMAN,          :
    Petitioner           :
                         :
    v.                   :   Civil No. 1:CV-00-1230
                         :   (Kane, J.)
JAKE MENDEZ, Warden,         :   (Smyser, M.J.)
    Respondent           :

CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on August 28, 2000, she served a copy of the attached

RESPONSE TO SHOW CAUSE ORDER

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

Michael J. Bushman
Reg. No. 22758-083
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

_____
MICHELE E. LINCALIS
Paralegal Specialist