DMB:KLM:mel:2000V00577

FILED
WILLIAMSPORT

AUG 2 8 2000

PER _____ lp
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. BUSHMAN, | : | |
| Petitioner | : | |
| | : | |
| v. | : | Civil No. 1:CV-00-1230 |
| | : | (Kane, J.) |
| JAKE MENDEZ, Warden, | : | (Smyser, M.J.) |
| Respondent | : | |

### EXHIBITS IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER

DAVID M. BARASCH
United States Attorney

KATE L. MERSHIMER
Assistant U.S. Attorney
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703

OF COUNSEL:

MICHAEL A. STOVER, General Counsel
SHARON GERVASONI, Attorney
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD 20815

Dated: August 28, 2000

## CERTIFICATE

I, SHARON GERVASONI, Attorney in the Office of General Counsel, United States Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland, 20815, certify that the attached documents are true copies of documents contained in the parole file of **Michael J. Bushman, Register Number 22758-083,** reviewed by me on the date stated below.

IN WITNESS WHEREOF, I have signed this 24th day of August, 2000, and have affixed the seal of the United States Parole Commission.

Sharon Gervasoni
Attorney
U.S. Parole Commission



**TAB - 1**



PROB 2
(Rev. 6/84)

UNITED STATES DISTRICT COURT

**FOI EXEMPT**

EASTERN DISTRICT OF VIRGINIA

PRESENTENCE REPORT

| NAME (Last, First, Middle) | | | | | DICTATION DATE |
|---|---|---|---|---|---|
| Bushman, Michael John | | | | | February 17, 1988 |

| ADDRESS | LEGAL RESIDENCE | SCHEDULED SENT. DATE |
|---|---|---|
| Newport News, Virginia City Jail | | February 29, 1988 |
| | | DOCKET NO. CR-87-100-N |
| | | CITIZENSHIP United States |

| AGE | RACE | DATE OF BIRTH | PLACE OF BIRTH | SEX | EDUCATION |
|---|---|---|---|---|---|
| 30 | White | 1-29-58 | Alhambra, CA | Male | High School |

| MARITAL STATUS | DEPENDENTS: | SOC. SEC. NO. |
|---|---|---|
| Married | 2 (wife and child) | ███████ |

| FBI NO. | U.S. MARSHAL NO. | OTHER IDENTIFYING NO. |
|---|---|---|
| 583736P2 | 22758-083 | |

**OFFENSE**

Count 2: Participation in a Racketeering Activity, RICO, Title 18, USC 1962 and 1963.
Count 35: Possession With Intent to Distribute Cocaine, Title 21, USC 841(a)(1).
Count 44: Conducting a Continuing Criminal Enterprise, Title 21, USC 848.

**PENALTY**

Count 2: 20 years and/or $250,000 fine, $50 special assessment.
Count 35: 15 years and/or $25,000 fine, a minimum three years Special Parole Term.
Count 44: 10 to life without possibility of suspension, probation or parole and/or

| CUSTODIAL STATUS  $2,000,000 fine and $50 special assessment. | DATE OF ARREST 9-29-87 (154 days jail credit at sentencing) |
|---|---|

**PLEA**

A plea of guilty to Counts 2, 35, and 44 was entered on January 4, 1988.

| VERDICT Guilty on Counts 2, 35, and 44. | DISCLOSURE PERMITTED PRIOR TO PAROLE HEARING, ~~INMATE NOT~~ TO POSSESS COPY US PROBATION OFFICE, E/D VIRGINIA | This document has been pr exclusively for the U.S. Di Court (ED/VA). It is a CONFI document under the provisio FOIA. Neither the document n portion thereof may be copi disseminated except as autho by the Court. |
|---|---|---|
| DETAINERS OR CHARGES PENDING None. | | |
| OTHER DEFENDANTS See pages 6-11. | ☐ INMATE MAY HAVE ACCESS ☐ INMATE MAY NOT HAVE ACCESS ☐ SUMMARY ATTACHED | This document is loaned to the Commission in order for Commission to serve its sta functions. |

| ASSISTANT U.S. ATTORNEY | DEFENSE COUNSEL |
|---|---|
| Robert Seidel, Esquire | Robert D. Eisen, Esquire 800 One Main Plaza East Norfolk, VA  23510       (804) 623-7100 |

**DISPOSITION**

Count 2: Custody of the Attorney General for 20 years.  Pay a fine in the amount of $10,0█
Count 35: Committed to custody of Attorney General for a period of five years.  Placed on special parole for five years.  Jail sentence to run consecutively with one imposed Ct. █
Count 44: Custody of Attorney General for ten years.  Pay a fine of $10,000.  Jail sentence to run consecutively with sentences imposed on Counts 2 and 35.

| SENTENCING JUDGE | DATE | PROBATION OFFICER |
|---|---|---|
| Honorable J. Calvitt Clarke, Jr. | 2-29-88 | Bruce M. Burnside |

GOVERNMENT EXHIBIT

FOI EXEMPT

RE:  BUSHMAN, Michael J.                                          -7-

OFFENSE (Continued):

The most culpable group is made up of Richard A. Bryant, Michael J. Bushman, William B. Hall, and Frank Armentani, in that order, although Bryant should receive some consideration for his cooperation with the Government.

Michael J. Bushman, a/k/a "Bush Hog", has been an active member and official in the Renegades Motorcycle Club, both in Florida and in Virginia Beach. At one time he acted as an enforcer for the Virginia Beach Chapter and is known to be a violent person who administered beatings to members and associates. He was always armed with firearms and provided the thermite incendiary grenade which was used to start the fire that destroyed the Comprehensive Addictive Services Program Clinic in Norfolk, Virginia.  He became involved in marijuana in the late 1970's and distributed marijuana in fifty pound quantities in 1981.  He began distributing cocaine in two ounce quantities in 1982, graduated to one-fourth to one-half pound quantities, and distributed approximately one pound of cocaine each month during 1983 and 1984, from which he earned a profit of approximately $500 per ounce.  He eventually increased his participation in the distribution of cocaine to the point where he was

FOI EXEMPT

RE:  BUSHMAN, Michael J.                                    -8-

**OFFENSE (Continued):**

transporting kilogram quantities of cocaine from Florida to Virginia in 1985.
He distributed his cocaine through motorcycle club members.  It is estimated
that he participated in the distribution of approximately twenty-four pounds
of cocaine which was approximately 70% pure between 1983 and 1984 and
approximately twenty-four kilograms of cocaine which was approximately 90%
pure between 1985 and 1987.  Other than pleading guilty to Counts 2, 35,
and 44 on January 4, 1988, Bushman has not cooperated with Government
authorities.

FOI EXEMPT

# TAB - 2

# INITIAL HEARING SUMMARY

| | |
|---|---|
| **Name:** . . . . . . . . BUSHMAN, Michael | **2/3 or MR Date:** . . . . . 5/28/2004 |
| **Reg No:** . . . . . . . 22758-083 | **Projected MR Date:** . . 3/30/2011 |
| **Hearing Date:** . . . 1/17/96 | **Full Term Date:** . . . . . 9/28/2022 |
| **Institution:** . . . . . Marion USP | **Months in Custody:** . . 100 |
| **Examiner:** . . . . . . Lee H. Chait | **As Of:** . . . 1/27/96 |

**Severity Rating:** . . . . . Eight

**Salient Factor Score:** . 8

**Guideline Range:** 100+ Months

**Recommended Release    After Service of    Months**

Note:  Please be aware the subject's 35 year aggregate sentence is composed of a 25 year parolable segment and a 10 year non-parolable segment.  The eligibility date and the two-thirds date are based only on the 25 year parolable term.  This examiner did confer with the ISM at the institution regarding the sentence structure.

I.  The panel has discussed the prisoner's severity rating, salient factor score and guidelines with the prisoner.  The prisoner contests the description of the offense behavior, salient factor score items and/or guideline range.

The subject denied that he provided the Thermit grenade used in the arson of the clinic.  He further denies involvement in drug distribution to the extent that the government alleges.  He stated that he was given the sentence of 35 years because of his refusal to cooperate with the government.  He believes that his involvement involved approximately 14 pounds of Cocaine and that his involvement between 1985 and 1987 also involved a similar amount of cocaine rather than the 24 kilograms as specified on page 8 of the PSI.

The subject stated that he had made no effort to obtain the basis for the government's information because his attorney told him that they would pursue that after the subject was sentenced.

II.  **Modifications, Additions, Corrections from Prehearing Assessment:**

This examiner did obtain copies of the two additional Incident Reports that were lacking from the mini file at the time of the Pre-Review.  The two reports are as follows:

(1)  DHO Hearing:  10/5/93
     Date of Incident: 9/12/93

GOVERNMENT
EXHIBIT
2
PENGAD-Bayonne, N.J.

BUSHMAN.227



Fighting with another person

Sanction of the DHO:  15 days disciplinary segregation and forfeit 30 days good time.  The incident report reflects that the subject was struck first by another inmate following a verbal argument.  Both inmates then began striking each other and there does not appear to be any injuries, although the subject was escorted to a local hospital for treatment.  The subject was also kicked in the face twice by the other inmate.

(2)    DHO Hearing:  6/8/93
Date of Incident:  5/31/93
Fighting
Sanction of the DHO:  Forfeit 60 days good time, 30 days disciplinary segregation, suspended for 180 days of clear conduct, recommended a disciplinary transfer.  The Incident Report reflects that the subject and the other inmate were exchanging punches on the recreation field.  There were no injuries.

With regards to the above two episodes the subject admits that they occurred.  With regards to the first episode the subject states that he was only defending himself after being assaulted by inmate Campbell.

With regards to the second episode the subject stated that this was just an incident with a friend that got out of hand.

III.    **Institutional Factors:**

A.    Discipline:

Please see Pre-Review prepared by this examiner.

With regards to the previously described Incident Reports and the Pre-Review the subject's statements were as follows:

With regards to the rioting in 1995 the subject stated that had this occurred a year or two earlier there would probably not have been an Incident Report.  He feels that the incident was relatively minor.

With regards to the 8/94 episode of possession of anything unauthorized.  The subject admits that he did cut his hair.

With regards to the possession/use of drugs in 10/92 the subject admits his guilt.

The more serious Incident Report appears to be possession of escape paraphernalia in 8/88 and the subject denies his guilt.  He stated that he was only in the locker for a short time and a review of the staff statements available to this examiner through the BOP file, but not in the mini file indicates that there is support for the subject's position.  The

BUSHMAN.227    Page 2 of 4

electrician indicates that the materials, at least some of them were there for several years. Another inmate also cleaned out the locker prior to the subject moving into it and he indicated that some of the items were left there.

In this examiner's opinion this is not an Incident Report that is indicative of an actual escape attempt. While the subject may have been in possession of what could be considered contraband it does not appear that he was planning an escape.

Findings:

With regards to the above Incident Reports this examiner finds the subject guilty of all of the Incident Reports. It does appear that there is mitigation for the fighting with another inmate on 9/12/93 and that he was struck first by the other inmate. The Incident Report for possession of escape paraphernalia is not considered as serious as an escape paraphernalia episode would be if there was an actual escape attempt and this examiner finds that such would be rated as administrative.

B.    **Program Achievement:**

The subject was initially confined in Memphis for approximately 90 days where he worked in the Electric Shop, at Leavenworth for approximately 4 years. He worked in Mechanical Services and in the Laundry. He also worked in the Recreation area and the Food Service. The subject was there for approximately 27 months and worked in Industries. He also worked in Food Service.

The subject indicated that he had completed several college courses and had his transcripts available. He entered the institution with a high school education.

IV.    Fines, **Restitution, Court Assessment:**

The subject has a $20,000 fine and owes more than $19,000 on it. His assessment has been satisfied.

V.    Release Plans:

Upon release the subject will probably reside in the Virginia area, although due to the length of the sentence release plans must be considered indefinite. Drug aftercare appears appropriate due to the subject's past drug use. Also, prohibition against association with motorcycle clubs should be imposed.

VI.    Representative:

None

VII.    Risk:

BUSHMAN.227                                                                    Page 3 of 4

03/23/00  09:49 FAX 301 492 5563        US PAROLE COMMISSION                   ☑005/005



No

## VIII. Evaluation:

The applicable guideline range is 100+ months to be served.

This examiner is willing to recommend a release after the service of 20 years or 240 months. This is substantially above the guidelines, but, is found to be appropriate in that the subject was involved in organized drug distribution for almost 10 years according to the Pre-Sentence Report.

While he minimizes his guilt he does admit involvement with at least 14 pounds of cocaine.

This organized drug distribution over a period of nearly one decade involved at least 15 individuals who were indicted. There were probably numerous others who were not indicted.

The subject had an active role and is described in the PSI as providing a Thermit grenade to destroy a drug center. The subject denies his guilt with regards to this specific act and stated that it was to have been removed from the PSI.

The major issue in this case is one of accountability.

Based on the length of time that the subject was involved in active drug distribution this examiner finds that the service of 20 years is appropriate.

## XI. Panel Recommendation:

(1)    Continue to presumptive parole after the service of 240 months (9/28/2007) with special drug aftercare condition. He should not associate with or ride motorcycles with any member of the Renegades Motorcycle Club or other outlaw motorcycle club. You shall have no connection in any way with the Renegades Motorcycle Club or any outlaw motorcycle clubs. If you are found in the company of such individuals while wearing the clothing, colors or insignia of the Renegades Motorcycle Club or any outlaw motorcycle club the United States Parole Commission will presume that you had association with for the sole purpose of participating in gang activities. In order to allow for the release after the service of 240 months and in consideration of your sentence structure the Parole Commission will parole you on 12/28/2000 to the non-parolable 10 year count.

GTT
January 24, 1996

*Addendum* — Per BOP ISM, CO he will serve 6 yr 8 mo + 20 days on the 10 yr non parolable term. Thus need to set date of 1/8/2001

BUSHMAN.227                                                           Page 4 of 4

2/22/96

# TAB - 3

**U.S Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

 **Notice of Action**



---

**Name:** BUSHMAN, Michael

**Register Number:** 22758-083          **Institution:** USP Marion

---

In the case of the above-named parole action was ordered:

Continue to a presumptive parole after the service of 159 months (January 8, 2001) to the non-parolable 10 year non-parolable term only with the Special Drug Aftercare Condition.  You shall participate as instructed by your U.S. Probation Officer in a program approved by the Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.  Also with the Special Motorcycle Gang Association Condition.  You shall not associate with or ride motorcycles with any member of the Renegades Motorcycle Gang or other outlaw motorcycle gang.  You shall have no connection whatsoever with the Renegades Motorcycle Gang or other outlaw motorcycle gang. If you are found to be in the company of such individuals while wearing the clothing, colors, or insignia of the Renegades or any outlaw motorcycle gang, the U.S. Parole Commission will presume that the association was for the purpose of participating in gang activities.

The Commission's intent is that you serve 240 months on the combined terms.  If there is a modification or change in sentence structure, the U.S. Parole Commission is to be notified.

**REASONS:**

Your offense behavior has been rated as Category Eight severity because it involved RICO and CCE violations in which the underlying behavior included the distribution of more than 18.75 kilograms of cocaine (purity unknown).  Your salient factor score (SFS-95) is 8.  You have been in federal confinement as a result of your behavior for a total of 100 months.  Guidelines established by the Commission indicate a range of 100 plus months to be served before release for cases with good institutional adjustment and program achievement.  In addition, you have committed rescission behavior classified as administrative. Guidelines established by the Commission indicate a range of 0-8 months per drug-related infraction and 0-2 months for non-drug related infractions.  You have committed 1 drug-related infraction and 5 non-drug related infractions. Your aggregate guideline range is 100 plus months to be served.

---

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

February 22, 1996   Eastern Region       Commissioner: John R. Simpson       Docket Clerk: cxf

GOVERNMENT EXHIBIT
3

U.S Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

 **Notice of Action**



**Name:** BUSHMAN, Michael

**Register Number:** 22758-083                    **Institution:** USP Marion

In the case of the above-named parole action was ordered:

After review of all relevant factors and information presented, a decision more
than 48 months above the lower limit of the guidelines is warranted because:
Your drug distribution activity took place over a substantial period of time,
approximately 1977-87, and involved an organized criminal activity with
approximately 15 people indicted.

As required by law, you have also been scheduled for a statutory interim hearing
during January 1998.

**SALIENT FACTOR SCORE (SFS-95):**    Your salient factor score items have been
computed as shown below.  For an explanation of the salient factor score items,
see the reverse side of this form.

**ITEM A[ 2 ];  B[ 2 ];  C[ 1 ] (   );  D[ 1 ];  E[ 1 ];  F[ 1 ]; G[ 0 ]  Total[
8   ]**

*If five or more prior commitments, place an 'x' in the parenthesis in Item C.

**Appeals Procedure:**
The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26:

February 22, 1996   Eastern Region        Commissioner: John R. Simpson        Docket Clerk: cxf

# TAB - 4

## SIH/REVIEW HEARING SUMMARY

**Hearing Type:** . . SIH

**Name:** . . . . . . . . Bushman, Michael J.

**Reg No:** . . . . . . . 22758-083

**Hearing Date:** . . . 2/3/98

**Institution:** . . . . . Lewisburg USP

**Examiner:** . . . . . . Kenneth Walker

**2/3 or MR Date:** . . . . . 5/28/2004

**Projected MR Date:** . . N/A

**Full Term Date:** . . . . . 9/28/2022

**Months in Custody:** . . 124

**As Of:** . . . 1/29/98

**Recommended Release** 7/8/2000 **After Service of 153 Months**

---

### I.   Previous Commission Action:

Please refer to a Pre-review dated 1/29/98.

### II.   Codefendants:

Please refer to the Pre-sentence Report. No new information indicated.

### III.   Institutional Adjustment And Release Plans:

Based on the Progress Report dated 1/9/98, the subject's overall adjustment since his last appearance has been satisfactory. Subject has not incurred any institutional infractions since his Initial Hearing 1/17/96 and he appears to be maintaining an excellent work record. However, since October of 1997, subject has been placed on administrative detention and has not been able to work. Speaking to his Case Manager, Mr. Headley indicated that the subject was placed in administrative detention because he witnessed another inmate being attacked and subject attempted to come to that particular inmate's aid. Mr. Headley noted that as a result of this staff thought it best that he be placed in administrative detention. It is anticipated that subject will probably be transferred to another institution in the near future. The subject was transferred to USP Lewisburg from Marion on 8/25/97 because he was considered a lesser security risk.

The subject noted that as a result of his work at Marion in UNICOR he received numerous awards. However, in reviewing the subject's file these awards were not in his institutional record. The subject noted that we contact the manager of UNICOR Mr. Mead or a Mr. Trustee at Marion to obtain these records. There was one yearly chronological UNICOR work performance evaluation in his file that was dated 3/31/97 which reflected that the subject received primary scores of fours and fives with five being the highest level. Mr. Bushman noted that he will attempt to have these records sent to the Commission for further review. In

GOVERNMENT EXHIBIT ψ

addition, the subject completed a economic course in August of 97 which consisted of 14 hours. Also, he has taken other self-help type of programs such as studying the brain which consisted of 8 hours which he completed in September 1996. In March 1992 the subject completed a 40 hour drug education class.

The subject noted that upon his release he plans to reside with a friend who lives outside of Charlotte, NC. This particular person Mr. Godfrey has a aircraft mechanic service company and it is anticipated that subject will work with him once released.

**IV.    Fines, Restitution, Court Assessment:**

Subject has a $20,000 non committed fine. Subject has made some payments towards this obligation and currently has a balance of $18,818.

**V.    Representative:**

The subject was represented by Frank Godfrey (friend). Mr. Godfrey noted that he and his entire family supports the subject's release. He noted that upon the subject's release he will be able to hire Mr. Bushman and with the eventual goal that they will become partners. Mr. Godfrey submitted a letter on behalf of himself and various family members. Mr. Godfrey noted that he has known the subject since childhood noting that the subject is a very special person and he believes that subject deserves a chance to be rehabilitated in the community. Furthermore, upon his release Mr. Godfrey noted that he believes he would be able to assist the subject in staying away from motorcycle groups.

**VI.    Risk:**

The subject may be a poor risk than reflected by the 8 SFS due to his extensive history with motorcycle gangs.

**VII.    Evaluation:**

Retroactivity does not apply.

The examiner believes that based on the subject's overall adjustment since his last appearance that a small portion of SPA is warranted in this case. As previously noted the subject has not been involved in any disciplinary infractions and has maintained an excellent work record. However, since August 1997 the subject has been unable to work along with the other inmates at this institution due to their lock down status. There have been numerous gang related problems at this particular institution.

If granted a small portion for SPA subject still will have a significant time remaining to serve on this non parolable sentence. The examiner is recommending that the subject be granted 6 months SPA which in turn he will serve 153 months on this sentence to be followed by a 10

BUSHMAN.227                                                            Page 2 of 3

year non parolable sentence in which he will serve approximately 6 years and 8 months.  The subject will serve approximately 233 months before his release.  The previous recommendation was that subject would serve a total of 240 months which included the non parolable sentence. If the examiner had additional information concerning his overall work performance the examiner would have perhaps recommended additional months for SPA.

**VIII. Recommendation:**

1.  Reopen an advanced presumptive parole date.  Continue to a presumptive parole date after the service of 153 months (7/8/2000 to the non parolable 10 year term only, with the special drug aftercare and with the special motorcycle gang associations conditions.

**IX.    Reasons:**


PAH
February 14, 199

BUSHMAN.227

Page 3 of 3

**TAB - 5**

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

Name: BUSHMAN, Michael J.

Register Number: 22758-083                    Institution: Lewisburg USP

In the case of the above-named, the following parole action was ordered:

Reopen and Advance Presumptive Parole date of 1/08/2001.  Continue to a Presumptive Parole
(7/08/2000) after service of 153 months to the 10 year non-parolable term only with the Special Drug
Aftercare Condition.  You shall participate as instructed by your U.S. Probation Officer in a program
(inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic
addiction or drug dependency, which may include testing and examination to determine if you have
reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other
intoxicants during and after the course of treatment.  In addition, you shall be subject to the Special
Motorcycle Gang Association Condition.  You shall not associate with or ride motorcycles with any
member of the Renegades Motorcycle Gang or other outlaw motorcycle gang.  You shall have no
connection whatsoever with the Renegades Motorcycle Gang or other outlaw motorcycle gang.  If you
are found to be in the company of such individuals while wearing the clothing, colors, or insignia of
the Renegades or any outlaw motorcycle gang, the U.S. Parole Commission will presume that the
association was for the purpose of participating in gang activities.

The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26.

**REASONS:**

Retroactivity does not apply.  Neither your recalculated severity rating (old Category Eight; new
Category Eight) nor your recalculated salient factor risk category (old Category Very Good, old score
8; new Category Very Good, new score 8) is more favorable.  This statement means that a finding
has been made by the Parole Commission at your hearing that no regulatory or procedural changes
have been made by the Parole Commission since your last hearing which would positively affect your
case in terms of Offense Severity or Salient Factor Scoring.

The above decision includes a 6 month credit for superior program achievement, specifically:  You
sustained an excellent work record in UNICOR.

As required by law, you have also been scheduled for a statutory interim hearing during February
2000.

fc:      U.S. Probation Officer
         Eastern District of Virginia
         U.S. Courthouse, Room 200
         600 Granby Street

Date: March 4, 1998                                      Clerk: dlw

GOVERNMENT
EXHIBIT
5

# TAB - 6

**U.S. Department of Justice**                    NOTICE OF ACTION ON APPEAL
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

NAME:  Bushman, Michael          REG. NO. 22758-083          INST: Marion USP

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**RESPONSE:**

In response to your claim that your offense severity is incorrectly rated as
Category Eight, this claim is without merit.  Your offense behavior has been
rated as Category Eight because you distributed more than 18.5 kilograms of
cocaine of unknown purity.  According to the presentence investigation report,
you personally distributed approximately 34 kilograms of cocaine of unknown
purity.  Specifically, you were estimated to have distributed one pound of about
70% pure cocaine per month in 1983 and 1984 (for a total of 24 pounds, or about
10 kilograms), and approximately 24 kilograms of 90% pure cocaine between 1985
and 1987.  This is well more than the 18.75 kilograms necessary for a Category
Eight rating.  The Commission's finding in your case was based on the amounts
of cocaine you personally distributed, not on any accountability for activities
of your co-defendants.  Therefore, the Farese case is irrelevant.

There is no merit to your claim that a decision outside the guidelines is not
supported by the reasons or facts as stated on the Notice of Action.   The
Commission did not render a decision outside the guidelines in your case.  The
Category Eight guidelines do not have an upper limit, and a decision above the
guidelines is therefore not possible.  Therefore, 18 U.S.C. §4206(c) does not
apply.  Under the Commission's regulations, when it exceeds the lower limit of
the Category Eight guidelines by more than 48 months, it must specify the
"pertinent aggravating case factors" which warrant that decision.    The
Commission did this in your case, specifying as aggravating factors the
longevity of your criminal conduct, and the scale of the criminal enterprise,
which involved at least 15 other people.

In response to your claim that the decision was based on erroneous information,
the evidence you have presented does not persuade the Commission that the
information it has relied upon is inaccurate.

In response to your claim that the Commission did not follow correct procedures
in deciding your case, the record indicates the contrary.  The Federal Bureau
of Prisons is responsible for determining the order in which you will serve your
parolable and non-parolable sentences, not the Commission.  The Commission has
complied with its policy regarding consecutive non-parolable sentences, by
ordering that you serve 159 months for the parolable sentence, because you will
serve an additional 79 months on your non-parolable sentence, to achieve the
final result of service of 240 months.  In other words, you have received

---

June 12, 1996              National Appeals Board              Docket Clerk: DMJ

GOVERNMENT
EXHIBIT
6



**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**NOTICE OF ACTION ON APPEAL**

---

NAME:  Bushman, Michael          REG. NO. 22758-083          INST: Marion USP

---

guidelines credit for the time you will serve on your consecutive sentence.

In response to your plea for a more lenient decision, you provide no significant mitigating circumstances sufficient to merit a different decision.


All decisions by the National Appeals Board on appeal are final.

---

June 12, 1996                     National Appeals Board                     Docket Clerk: DMJ

# TAB - 7

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

Name:  BUSHMAN, Michael John

Institution:  Allenwood USP

Register  Number:  22758-083

In the case of the above named the following parole action was ordered:

No change in presumptive  parole date of July 8, 2000 and parole effective July 8, 2000 to the non-parolable  10-year consecutive  term only.

**With the special  condition(s)  as indicated  below**
You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient  or outpatient)  approved by the U.S. Parole Commission for the treatment  of narcotic addiction  or drug dependency,  which may include testing and examination  to determine  if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and/or all other intoxicants  during and after the course of treatment.

You will be subject to the Special Motorcycle Gang Restriction Condition. You shall not associate with or ride motorcycles  with any member of the Renegades  motorcycle  gang or other outlaw motorcycle gang. You shall have no connection whatsoever with the Renegades  motorcycle gang or other outlaw motorcycle gang. If you are found to be in the company of such individuals  while wearing the clothing, colors, or insignia of the Renegades  or any outlaw  motorcycle gang, the U.S. Parole Commission will presume that the association  was for the purpose of participating  in gang activities.

The decision to grant the parole effective date and the special condition(s) are **NOT APPEALABLE.**

REASONS:

Pursuant  to 28 C.F.R. §2.14.

fc:  U.S. Probation  Office
Eastern  District  of Virginia
U.S. Courthouse,  Room 200
600 Granby  Street
Norfolk, VA   23510-1915

Date: March  28, 2000

Clerk:  JEH

**BOP-Allenwood  USP**

Page 1 of 1

BUSHMAN

GOVERNMEN
EXHIBIT
7

**TAB - 8**



**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that **BUSHMAN, Michael John**, Register No. **22758-083**, a prisoner incarcerated in the **Allenwood USP** is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **July 8, 2000**, and that said prisoner is to remain within the limits of **Eastern District of Virginia** to and including **September 28, 2022**.

Given under the hands and the seal of the United States Parole Commission this **June 21, 2000**.

UNITED STATES PAROLE COMMISSION

**By: Scott Kubic, Case Analyst**

Initial Risk Category: SFS - 8
Chief U.S. Probation Officer **John R. Long, Eastern District of Virginia**

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_____ | _____
Name                                      | Reg. No.

Witnessed: _____

Name and Title                          Date

The above-named person was released on the ____ day of _____, 19____ with a total of _____ days remaining to be served.

**Official Certifying Release**

GOVERNMENT EXHIBIT



This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the district shown on the CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on the Certificate. If in any emergency you are unable to get in touch with your parole advisor or your Probation Officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days you shall report instead to the nearest United States Probation Office.

3. You shall not leave the limits fixed by the CERTIFICATE OF RELEASE without written permission from your Probation Officer.

4. You shall notify your Probation Officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Probation Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Probation Officer at other times as your Probation Officer directs, providing complete and truthful information.

6. You shall not violate any law, nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Probation Officer or the United States Probation Office if you are arrested or questioned by a law enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your Probation Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Probation Officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission by your Probation Officer.

11. You shall not possess a firearm, ammunition or other dangerous weapons.

12. You shall permit confiscation by your Probation Officer of any materials which your Probation Officer believes may constitute contraband in your possession and which your Probation Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.



13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your Probation Officer.

15. If you have been convicted of any sexual offense under District of Columbia or federal law (including Uniform Code of Military Justice offenses), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state or local convictions for sexual offenses, and in compliance with 42 U.S.C. §14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. §4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the U.S. Parole Commission, and the Probation Office. I further consent to the disclosure by such facility to the U.S. Parole Commission and the Probation Office of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision, or the occurrence of one of the items specified in 42 C.F.R. §2.35(b), whichever is earlier.

**You shall also abide by the special condition(s), as indicated below :**

You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

You will be subject to the Special Motorcycle Gang Restriction Condition. You shall not associate with or ride motorcycles with any member of the Renegades motorcycle gang or other outlaw motorcycle gang. You shall have no connection whatsoever with the Renegades motorcycle gang or other outlaw motorcycle gang. If you are found to be in the company of such individuals while wearing the clothing, colors, or insignia of the Renegades or any outlaw motorcycle gang, the U.S. Parole Commission will presume that the association was for the purpose of participating in gang activities.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice



that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.



**TAB - 9**

(iii) **Retard or rescind a presumptive parole date for reason of disciplinary infractions.** In a case in which disciplinary infractions have occurred, the interim hearing shall be conducted in accordance with the procedures of §2.34(c) through (f). (Prior to each interim hearing, prisoners shall be notified on the progress report furnished by the Bureau of Prisons that any finding of misconduct by the Disciplinary Hearing Officer since the previous hearing will be considered for possible action under this paragraph);

(iv) If a presumptive date falls within nine months after the date of an interim hearing, the Commission may treat the interim hearing as a pre-release review in lieu of the record review required by paragraph (b) of this section.

(b) <u>Pre-Release reviews</u>. The purpose of a pre-release review shall be to determine whether the conditions of a presumptive release date by parole have been satisfied.

(1) At least sixty days prior to a presumptive parole date, the case shall be reviewed on the record, including a current institutional progress report.

(2) Following review, the Regional Commissioner may:

(i) Approve the parole date;

(ii) Advance or retard the parole date for purpose of release planning as provided by §2.28(e);

(iii) Retard the parole date or commence rescission proceedings as provided by §2.34;

(iv) Advance the parole date for superior program achievement under the provisions of §2.60.

(3) A prerelease review pursuant to this section shall not be required if an in-person hearing has been held within nine months of the parole date.

(4) Where: (i) There has been no finding of misconduct by the Disciplinary Hearing Officer nor any allegation of criminal conduct since the last hearing; and (ii) No other modification of the release date appears warranted, the Executive Hearing Examiner may act for the Regional Commissioner under paragraph (b)(2) of this section to approve conversion of the presumptive parole date to an effective date of parole.

(c) <u>Fifteen-year reconsideration hearings</u>. A fifteen-year reconsideration hearing shall be a full reassessment of the case pursuant to the procedures at §2.13.

(1) A fifteen-year reconsideration hearing shall be ordered following initial hearing in any case in which a release date is not set.

(2) Following a fifteen-year reconsideration hearing, the Commission may take any one of the actions authorized by §2.12(b).

*Notes and Procedures*

■ 2.14-01. *Statutory Interim Hearing.*

(a) Statutory interim hearings are scheduled each 18th or 24th month (or the preceding month when the examiner(s) does not visit the institution during the specified month) after the month of any previous hearing, as required by law. There is one exception. If the prisoner has an unsatisfied minimum term, the first statutory interim hearing will be scheduled for 18 or 24 months (as applicable), or nine months prior to the prisoner's parole eligibility date, whichever is later.

(b) Where a statutory interim hearing is scheduled for a time subsequent to a presumptive date record review, the statutory interim hearing shall be canceled if the record review results in an effective parole date. [For example, a prisoner is scheduled for a presumptive date after 21 months (with a statutory interim hearing at 18 months). During the 12th month, a presumptive date record review is conducted, and the effective parole date is approved. The statutory interim hearing is



GOVERNMENT
EXHIBIT
9

Rev 06/02/97 Page 17

not to be conducted.]  If the prisoner has already been docketed for a statutory interim hearing, the institution shall delete his name from the docket upon receipt of the notice of the approved effective date.  [See 18 U.S.C. 4208(a)].

(c)  Following a Statutory Interim Hearing, the examiner may recommend:

(1) No change in the presumptive parole date (if the presumptive date is within nine months, the examiner may recommend that it be changed to an "effective" date);

(2) Advancement of a presumptive parole date (or change from a "Continue to Expiration" or "Fifteen-Year Reconsideration Hearing" to a presumptive or "effective" date) but only for documented exceptional circumstances, or superior program achievement pursuant to 28 C.F.R. 2.60;

(3) Retardation of a presumptive parole date, or the change of a presumptive parole date to a "Continue to Expiration" or "Fifteen-Year Reconsideration Hearing," on the basis of disciplinary infractions [in cases with disciplinary infractions the interim hearing will be conducted as a rescission hearing].

■ 2.14-02.  *Statutory Interim Hearings for Mixed Parolable and Non-Parolable Sentences.*

Statutory interim hearings will be scheduled every 18 or 24 months, depending upon the length of the parole eligible sentence(s).  However, if the prisoner has not reached his parole eligibility date (due either to the non parolable sentence or the minimum term on the parolable sentence), the first statutory interim hearing will be held after 18 or 24 months (as applicable), or on the docket of hearings that is nine months prior to his parole eligibility date, whichever is later.

■ 2.14-03.  *Pre-Release Record Review.*

Pre-release record reviews generally are conducted nine months prior to the presumptive parole date.  Following a pre-release record review (a record review which may be conducted by an examiner or analyst), the Regional Commissioner may:

(1) Approve the release date [order an "effective" date];

(2) Approve an effective parole, but advance or retard the release date for release programming, or advance the release date for superior program achievement pursuant to 28 C.F.R. 2.60;

(3) Approve an effective parole, but retard the release date for not more than 90 days without a hearing on account of disciplinary infractions; or

(4) Schedule a rescission hearing.

■ 2.14-03.  *Delegation to Correct Certain Omissions.*

A Regional Commissioner may delegate to an examiner or analyst the authority to add any special conditions that have been omitted from the previous Notice of Action but clearly were ordered by the Commissioner.  A note will be entered into the file to reflect this action.

■ **§2.15  PETITION FOR CONSIDERATION OF PAROLE PRIOR TO DATE SET AT HEARING.**

**When a prisoner has served the minimum term of imprisonment required by law, the Bureau of Prisons may petition the responsible Regional Commissioner for reopening the case under §2.28(a) and consideration for parole prior to the date set by the Commission at the initial or review hearing.  The petition must show cause why it should be granted, i.e., an emergency, hardship, or the existence of other extraordinary circumstances that would warrant consideration of early parole.**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. BUSHMAN,                    :
        Petitioner             :
                       :
           v.                  :   Civil No. 1:CV-00-1230
                       :   (Kane, J.)
JAKE MENDEZ, Warden,                   :   (Smyser, M.J.)
          Respondent          :

CERTIFICATE OF SERVICE BY MAIL

      The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

      That on August 28 , 2000, she served a copy of the
attached

     EXHIBITS IN SUPPORT OF RESPONSE TO SHOW CAUSE ORDER

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Williamsport,
Pennsylvania.

Addressee:

Michael J. Bushman
Reg. No. 22758-083
U.S. Penitentiary
P.O. Box 3000
White Deer, PA 17887

                                                  _____
                                            MICHELE E. LINCALIS
                                            Paralegal Specialist