ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. BUSHMAN,

    Petitioner,

vs.

JAKE MENDEZ, Warden,

    Defendant.

Civil No. 1:CV-00-1230

(Kane, J.)
(Smyser, M.J.)

FILED
HARRISBURG, PA
SEP 21 2000
MARY E. D'ANDREA, CLE
Per _____ Deputy Clerk

### TRAVERSE OF THE PETITIONER TO THE RESPONSE TO THE SHOW CAUSE ORDER

NOW COMES, the Petitioner, Michael J. Bushman, and appearing pro se, hereby files this his Traverse in response to the government's answer, and as grounds for granting his petition, Petitioner respectfully presents as follows:

### I. Questions Presented

A. Should the petition for writ of habeas corpus be granted as Petitioner is entitled, by law, to a statutory interim hearing prior to release under MSR?

B. Should the petition for writ of habeas corpus be granted as the Commission's decision to rate the Petitioner as a Category Eight is not support by a rational basis in the record?

C. Should the petition for writ of habeas corpus be granted as the Commission's order that Petitioner serve 159 months is erroneous, arbitrary, and capricious?

D. Should the petition for writ of habeas corpus be granted as Petitioner's assertion that he was not provided with an adequate statement of reasons for the Commission's decision is supported by the record?

E. Should the petition for writ of habeas corpus be granted as Petitioner's assertion that the Commission failed to state good cause for a decision outside the guidelines is valid?

F. Should the petition for writ of habeas corpus be granted as there is unwarranted codefendant disparity in Petitioner's case?

G. Should the petition for writ of habeas corpus be granted as the Commission's notice of action and notice of action on appeal clearly make reference to a suspected arson?

H. Should the petition for writ of habeas corpus be granted as Petitioner's claim that the Commission did not apply the preponderance standard in his case is with merit?

Suggested answers in the affirmative.

## II. Argument

A. **Petitioner Is Entitled, As A Matter Of Law, To A Statutory Interim Hearing Prior to MSR Date And/Or Effective Parole Date.**

Title 18 United States Code § 4208 mandates a hearing prior to a prisoner's presumptive parole date. The Respondent disingenuously argues that under the Parole Commission Procedures Manual, a hearing is not mandated, however, the Parole Commission, as an agency of the United States Executive Department is mandated to obey acts of Congress, irrespective of their own interagency regulations or rules. The Commission's rules and regulations cannot "trump" or repeal Acts of Congress. Complaint of Nautilus Motot Tanker Co., LTD., 85 F.3d 105 (3d Cir. 1996); United States v. Kirvan, 86 F.3d 309 (2d Cir. 1996); see also Barseback Kraft AB v. United States, 127 F.3d 1471 (Fed. Cir. 1997)(regulation

2

cannot override clearly stated statutory requirement).

Moreover, the government errs in this argument, as nothing can override or nullify an Act of Congress, as the government suggests. But more to the point, the primary purpose of a statutory interim hearing is to determine if there are any other factors which would warrant (a) a recision in the presumptive parole date; or (2) would enable the Commission to lower the presumptive parole date, and in terms of prisoners serving concurrent terms of imprisonment, even to prorate the presumptive parole date.

In terms of this factor, Petitioner was clearly prejudice in that he was unable to present factors which would warrant an earlier parole date, and other factors which would warrant a prorated date. See Memorandum Brief page 2, passim.

Therefore, the Petitioner has clearly shown that he was prejudiced by not receiving his statutory interim hearing, and this writ should issue.

B. **The Commission's Decision to Rate Petitioner's Offense As A Category Eight Is Not Supported By A Rational Basis In The Record.**

Once again, the Respondent attempts to persuade this Court with a disingenuous argument and factual, as well as legal, inaccuracies. Moreover, the scope of review is not limited to if the Commission had "any evidence" as the Respondent suggests, but rather, if the evidence is accurate, by the preponderance

of the evidence, and if their decision is erroneous, arbitrary or capricious. Moreover, its is extremely clear that the Commission's actions were arbitrary and capricious, in that, the decision of of the Commission is not based on the record of the case, and the Commission ignored overwhelming evidence that Petitioner was not accountable for the quantity of drugs which the Commission seeks to hold him accountable for, and the decision of the Commission appears to be based solely on punitive considerations. Little v. Hadden, 504 F.Supp. 558 (D.Colo. 1980).

The Commission in its Notice of Actions stated that Petitioner's offense was rated as a Category 8 offense because it involved "RICO and CCE violations in which the underlying behavior included the distribution of more that 18.75 kilograms of cocaine (purity unknown).

Petitioner was indicted for specific quantities of narcotics in his indictment before the District Court. This was not a conspiracy of unknown quantities, but government investigators, as well as the Grand Jury alleged and indicted Petitioner for specific quantities. According to the government, Defendant was accountable for 38.5 ozs.(not over 18.75 KG) of cocaine. See Section 5 of the Indictment. Additionally, the government provided Petitioner with a summary of its evidence and allegations against the Petitioner. This summary mentions only the same small amounts

4

as previously stated in the indictment. See Memorandum Brief, Exhibit A, pp. 86-90.

Thus, the Commission's decision and conclusion that the Petitioner's offense behavior involved 18.75 plus kilograms of cocaine is clearly erroneous, arbitrary, and capricious, and constitutes a clear abuse of discretion on the Commission's part.

The indictment, as well as the evidence produced by the government against Petitioner, clearly show that he was personally accountable for only 38.5 ounces of cocaine. The PSI in this case provided the Commission with no additional evidence of any quantity greater than the amount contained in the indictment and repeated by the government at the plea, except for Petitioner's admission that he had estimated that he sold "roughly 14 pounds of cocaine." See Memorandum Brief, Exhibit C, PSI, p. 16. The 14 pounds would be the equivalent of 6363 grams of unknown purity, or a Category 7 offense. For Further Details, See, Memorandum Brief, p. 8, passim.

Additionally, the Commission based his rating in violation of its regulations, which state, in pertinent part:

> The prisoner is to be held accountable for his own actions and actions done in concert with others; however, the prisoner is not to be held accountable for activities committed by associates over which the prisoner has no control and could not have been reasonably expected to foresee.

28 CFR § 2.20, Ch. 23, Subch. A, Note 4 (Emphasis added). This regulation requires the Commission to "carve-out" his participation

5

in the conspiracy, and to hold him accountable, in the absence of any evidence to the contrary, only for the amount of cocaine which he admitted to distributing, 14 pounds (6363 grams), over 5,000 grams more than the government accused him of having.

Moreover, as alleged in the Memorandum Brief, the Commission violated its own rule requiring it to resolve prisoner disputes concerning the accuracy of the information presented by it to a "preponderance of the evidence standard." United States Parole Commission Rules and Procedure Manual § 2.20-04; 28 CFR § 2.19(c). Under this regulation, if the prisoner disputes the accuracy of the information presented, "the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. Id. Petitioner asserts that because the Commission was presented with no evidence contrary to his admission of distributing 14 pounds of cocaine failed to observe the preponderance of the evidence standard, when it held him accountable for 18.75 kilograms.

The Parole Commission regulations requires the Commission to establish control and foreseeability before holding the prisoner vicariously responsible for coconspirator actions, as well as uncharged actions. An agency must follow its own regulations, which have the force of law. Marshall v. Lansing, 839 F.2d 933,

943 (3d Cir. 1988), and the Parole Commission's regulations clearly state that in dealing with terms of parole rather than legal responsibility for the substance or conspiratorial crime, the Commission cannot hold a prisoner responsible for the actions of his codefendants merely because the prisoner was convicted of conspiracy or CCE. <u>Roberts v. Corrothers</u>, 812 F.2d 1173, 1180 (9th Cir. 1987); <u>see also</u>, <u>Augustine v. Brewer</u>, 821 F.2d 365, 370 n.5, 371 n.6 (7th Cir. 1987).

**Standard of Review.**

When reviewing a Parole Commission decision, the Court's must determine "whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons." <u>Lansing</u>, 839 F.2d at 945 n.7.

A careful review by this Court of the Commission's conclusion that Petitioner was accountable for 18.75 plus kilograms of cocaine during the course of the conspiracy squares neither with the facts which were before it nor with its own regulations.

The record is clear, as enumerated above and in the Memorandum brief that at the most the Commission could only hold the Petitioner accountable for 14 pounds, which is a category 7 offense.

Thus, it is respectfully suggested, that faced with the facts before it, the Commission could not have concluded rationally under a preponderance standard, that Petitioner could have controlled or foreseen the sale of more than 18.75 kilograms of cocaine. It is respectfully suggested that as there

7

were no facts before the Commission that Petitioner was responsible for the distribution of more than 18.75 kilograms of cocaine, the Commission erred in holding him accountable for this quantity.

Accordingly, it is respectfully suggested that this Court should remand this matter to the Parole Commission with instructions to reduce the Petitioner's severity rating to Category Seven. see e.g., <u>United States ex rel., Farese v. Luther</u>, 953 F.2d 49, 54 (3d Cir. 1992).

C.  **Remainder of the Claims**.

The remainder of the claims herein are related to issue B above. The government's response, as previously stated is in fact an disingenuous attempt to persuade this Court to apply incorrect facts and law to this case.

First, there is no factual basis for the statement by the Commission that Petitioner's offense conduct took place over a substantial period of time, from 1977 to 1987, which would be a period of ten years. This is not even supported by the evidence, in that;

   a. The PSI specifically states that the Petitioner was not discharged from the navy until 1978.

   b. The government did not establish that the Petitioner became involved in the distribution of narcotics until 1980. See PSI at 16.

   c. Petitioner admitted involvement from 1980 until 1985. See PSI at 16.

   d. The indictment and the government's factual basis show that there was no overt or covert acts by the Petitioner after the winter of 1985.

Therefore, the evidence conclusively shows that Petitioner was not continuously involved in the distribution scheme for ten years.

Further, Petitioner incorporates herein his entire memorandum brief in support, as the government has not effectively contradicted the statements of the Petitioner therein, therefore, they must be accepted as true. See e.g., Homar v. Gilbert, 89 F.3d 1009 (3d Cir. 1996).

### III. Conclusion.

Petitioner has satisfied the requirements for a writ of habeas corpus to issue, and has established his right thereto. It is also clear that the Commission has held the Petitioner to a higher severity rating than is permissible under the Commission's manual and 28 CFR. The Commission had absolutely no reliable evidence in order to substantiate its arbitrary and capricious decision. It is a fundamental principle, in federal jurisprudence, that courts require that evidence used to enhance an inmate's offense severity rating be more reliable than a bald assertion. See Gambino v. Morris, 134 F.3d 156, 162-63 (3d Cir. 1988). Under 18 U.S.C. § 4206(c), the Commission must establish good cause, a factor sorely missing here, for denying release on parole under the appropriate guidelines, and the Commission must have a substantial reason, back by reliable evidence, and said decision must be in good faith and on factor which are not arbitrary, irrational, unreasonable, irrelevant, or capricious. Gambino, 134 F.3d at 162-63.

WHEREFORE, facts and premises considered, the Petitioner prays that this Court grant the petition for writ of habeas corpus as moved therein.

Dated: September 18, 2000          Respectfully submitted:

*[signature]*

Michael J. Bushman
Reg. No. 22758-083
USP Allenwood
P.O. Box 3000
White Deer, PA. 17887-3000

PETITIONER pro se

### CERTIFICATE OF SERVICE

I do hereby certify that on this the **19th day** of September, 2000, I caused a true and correct copy of the above and foregoing pleading to be mailed, first-class, postage prepaid, to the following:

> Kate L. Mershimer, Esq.
> Assistant U.S. Attorney
> 316 Federal Building
> 240 West Third Street
> Williamsport, PA. 17703

by depositing same in a plain wrapper, properly addressed, with sufficient postage affixed thereto, and placing same in an official depository, for the deposit of legal mail at USP ALLENWOOD, for delivery by the U.S. Postal Service.

*[signature]*

Michael J. Bushman