See Attachment



15
10-5-00
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. BUSHMAN,              : CIVIL NO: 1:CV-00-1230
     Petitioner,              :
                                 : (Judge Kane)
  v.                             :
                                 : (Magistrate Judge Smyser)
JAKE MENDEZ,                     :
     Respondent               :

FILED
HARRISBURG, PA

OCT 0 4 2000

MARY E. D'ANDREA, CLERK
Per _____ /s/ _____
    /Deputy Clerk

### REPORT AND RECOMMENDATION

On July 10, 2000, the petitioner, a federal prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, a brief and documents in support of that petition. The petitioner is challenging a decision of the United States Parole Commission (USPC).

By an Order dated July 17, 2000, the respondent was ordered to show cause on or before August 7, 2000, why the petitioner should not be granted habeas corpus relief. The Order of July 17, 2000, provided that the petitioner may file a reply to the respondent's response to the show cause order

AO 72A

within ten days of the filing of the response. After requesting and receiving an extension of time, on August 28, 2000, the respondent filed a response to the show cause order and exhibits. The petitioner requested and received an extension of time until September 20, 2000, to file a reply. On September 21, 2000, the petitioner filed a reply.

The material facts are not in dispute. On February 29, 1988, the petitioner was sentenced by the United States District Court for the Eastern District of Virginia to: a twenty-year sentence for racketeering activity in violation of 18 U.S.C. §§ 1962-63; a five-year sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and a ten-year sentence for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848. (Doc. 11, Exhibit 1). The petitioner's five-year sentence for possession with intent to distribute cocaine was ordered to run consecutively with his twenty-year sentence for racketeering activity. *Id.* The petitioner's ten-year sentence for

conducting a continuing criminal enterprise was ordered to run consecutively to his other two sentences. *Id.*

The USPC conducted an initial parole hearing for the petitioner on January 17, 1996. (Doc. 11, Exhibit 2). By a Notice of Action dated February 22, 1996, the USPC found the petitioner's Offense Severity Rating to be a Category Eight because the petitioner's offense behavior "involved RICO and CCE violations in which the underlying behavior included the distribution of more than 18.75 kilograms of cocaine (purity unknown)." (Doc. 11, Exhibit 3). Based on the petitioner's Offense Severity Rating, Salient Factor Score and administrative rescission behavior, the USPC determined that the petitioner's aggregate guideline range is 100 plus months to be served. *Id.* The USPC further found: "After review of all relevant factors and information presented, a decision more than 48 months above the lower limit of the guidelines is warranted because: Your drug distribution activity took place over a substantial period of time, approximately 1977-87, and involved an organized criminal activity with approximately 15 people indicted." *Id.* The USPC stated that its intent is that the petitioner serve 240

AO 72A

months on his combined terms. *Id.* The USPC continued the petitioner in incarceration on his combined twenty-five year sentence to "a presumptive parole after service of 159 months (January 8, 2001) to the non-parolable 10 year . . . term." *Id.*

The USPC conducted a statutory interim hearing for the petitioner on February 3, 1998. (Doc. 11, Exhibit 4). By a Notice of Action dated March 4, 1998, the USPC ordered that the petitioner's presumptive parole date be advanced six-months (to July 8, 2000) as a result of superior program achievement. (Doc. 11, Exhibit 5). The petitioner filed an appeal to the National Appeals Board. By a Notice of Action on Appeal, the Board affirmed the previous decision. (Doc. 11, Exhibit 6). The Board provided:

> In response to your claim the your offense
> severity is incorrectly rated as Category Eight,
> this claim is without merit. Your offense
> behavior has been rated as Category Eight
> because you distributed more than 18.75
> kilograms of cocaine of unknown purity.
> According to the presentence investigation
> report, you personally distributed approximately
> 34 kilograms of cocaine of unknown purity.
> Specifically, you were estimated to have
> distributed one pound of about 70% pure cocaine
> per month in 1983 and 1984 (for a total of 24

4

pounds, or about 10 kilograms), and approximately 24 kilograms of 90% pure cocaine between 1985 and 1987. This is well more than the 18.75 kilograms necessary for a Category Eight rating. The Commission's finding in your case was based on the amounts of cocaine you personally distributed, not on any accountability for activities of your co-defendants. Therefore, the Farese case is irrelevant.

There is no merit to your claim that a decision outside the guidelines is not supported by the reasons or facts as stated on the Notice of Action. The Commission did not render a decision outside the guidelines in your case. The Category Eight guidelines do not have an upper limit, and a decision above the guidelines is therefore not possible. Therefore, 18 U.S.C. §4206(c) does not apply. Under the Commission's regulations, when it exceeds the lower limit of the Category Eight guidelines by more than 48 months, it must specify the "pertinent aggravating case factors" which warrant that decision. The Commission did this in your case, specifying as aggravating factors the longevity of your criminal conduct, and the scale of the criminal enterprise, which involved at least 15 other people.

In response to your claim that the decision was based on erroneous information, the evidence you have presented does not persuade the Commission that the information it has relied upon is inaccurate.

In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates the contrary. The Federal Bureau of Prisons is responsible for

5

> determining the order in which you will serve your parolable and non-parolable sentences, not the Commission. The Commission has complied with its policy regarding consecutive non-parolable sentences, by ordering that you serve 159 months for the parolable sentence, because you will serve an additional 79 months on your non-parolable sentence, to achieve the final result of service of 240 months. In other words, you have received guidelines credit for the time that you will serve on your consecutive sentence.
>
> In response to your plea for a more lenient decision, you provide no significant mitigating circumstances sufficient to merit a different decision.

*Id.*

By a Notice of Action dated March 28, 2000, the USPC converted the petitioner's presumptive parole date of July 8, 2000, to a parole effective date of July 8, 2000. (Doc. 11, Exhibit 7). On July 8, 2000, the petitioner was paroled from his combined twenty-five year sentence to his non-parolable ten year sentence. (Doc. 11, Exhibit 8).

The court's review of a USPC decision is limited. "The inquiry is not whether the Board is supported by the preponderance of the evidence, or even by substantial evidence;

the inquiry is only whether there is a rational basis in the record for the Board's conclusions embodied in its statement of reasons." *Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976); *See also, Campbell v. United States Parole Comm'n*, 704 F.2d 106, 110 (3d Cir. 1983).

The grant of parole rests in the discretion of the USPC. 28 C.F.R. §2.18 (1998). The Parole Commission regulations provide guideline recommended ranges for parole decisions based on the inmate's Offense Severity Category and the inmate's Salient Factor Score. *See* 28 C.F.R. §2.20 (1998). There are eight offense severity categories ranging from Category 1 (the category of least severity) to Category 8 (the category of highest severity). *Id.* Salient Factor Scores can range from 10 (very good) to 0 (poor). *Id.* The Commission may render decisions outside the guidelines where there is "good cause". 18 U.S.C. 4206(c).

The petitioner argues that the USPC failed to hold another statutory interim hearing prior to the petitioner's

7

presumptive parole date of July 8, 2000. The petitioner contends that such a hearing is mandated by 18 U.S.C. § 4208. The petitioner asserts that as a result of not having another hearing he was denied the opportunity to present mitigating evidence.

Pursuant to the USPC Procedures Manual, when a record review results in conversion of a presumptive parole date to an effective parole date the statutory interim hearing shall be canceled:

> Where a statutory interim hearing is scheduled for a time subsequent to a presumptive date record review, the statutory interim hearing shall be canceled if the record review results in an effective parole date. [For example, a prisoner is scheduled for a presumptive date after 21 months (with a statutory interim hearing at 18 months). During the 12th month, a presumptive date record review is conducted, and the effective parole date is approved. The statutory interim hearing is not to be conducted.]

*United States Parole Commission Procedures Manual*, ¶2.14-01(b).

The petitioner argues that the *Procedures Manual* in this regard in is in conflict with 18 U.S.C. 4208. This is not

8

correct. 18 U.S.C. § 4208 requires a hearing "unless it [USPC] determines on the basis of the prisoner's record that the prisoner will be released on parole."

18 U.S.C. § 4208 did not require the USPC to hold another interim hearing after the USPC already determined that the petitioner would be released on July 8, 2000.

The petitioner contends that the USPC incorrectly determined his Offense Severity Rating to be Eight and that his correct Offense Severity Rating should have been Seven. More specifically, the petitioner argues that the USPC's determination that the petitioner's offense behavior involved 18.75+ kilograms of cocaine is clearly erroneous and arbitrary because the indictment shows that he was responsible for only 38.5 ounces and he admitted only that he sold approximately 14 pounds of cocaine.

9

The Presentence Report as to the petitioner's distribution of cocaine provides:

> He began distributing cocaine in two ounce quantities in 1982, graduated to one-fourth to one-half pound quantities, and distributed approximately one pound of cocaine each month during 1983 and 1984, from which he earned a profit of approximately $500 per ounce. He eventually increased his participation in the distribution of cocaine to the point where he was transporting kilogram quantities of cocaine from Florida to Virginia in 1985. He distributed his cocaine through motorcycle club members. It is estimated that he participated in the distribution of approximately twenty-four pounds of cocaine which was approximately 70% pure between 1983 and 1984 and approximately twenty-four kilograms of cocaine which was approximately 90% pure between 1985 and 1987.

(Doc. 11, Exhibit 1).

The Presentence report supports the USPC's determination that the petitioner's offense behavior included the distribution of more than 18.75 kilograms of cocaine. 18 U.S.C. § 4207(3) specifically provides that the USPC "shall consider, if available and relevant: (3) presentence investigation reports." There is no indication in the record that the petitioner challenged any of the factual assertions in the Presentence Report after being given an opportunity to review the report

10

prior to sentencing. Thus, the USPC was entitled to "assume that the factual information in the report was correct." *United States ex rel. Goldberg v. Warden*, 622 F.2d 60, 66 (3d Cir. 1980), *cert. denied*, 449 U.S. 871 (1980). Thus, the USPC had a rational basis for determining that the petitioner was involved in distributing more than 18.75 kilograms of cocaine and concomitantly that the petitioner's Offense Severity Rating was an Eight.

The petitioner also argues that the Notices of Action from the USPC failed to indicate whether he was being personally held responsible for distribution of 18.75 kilograms of cocaine or whether he was being held accountable for all of the cocaine allegedly distributed by the Renegade Motorcycle Club and that he, therefore, did not receive an understandable explanation of his parole status as required by 18 U.S.C. § 4206(b). This argument is without merit. The USPC informed the petitioner: "The Commission's finding in your case was based on the amounts of cocaine you personally distributed, not on any accountability for activities of your co-defendants." (Doc. 11, Exhibit 6).

11

The petitioner contends that the USPC's decision to continue him in incarceration for more than 48 months above the guidelines minimum based on "drug distribution activity [which] took place over a substantial period of time, approximately 1977-87, and involved an organized criminal activity with approximately 15 people indicted" was arbitrary.

The petitioner contends that there is no evidence to support that USPC's determination that the petitioner's drug distribution activity took place from approximately 1977 to 1987. The Presentence Report as to the petitioner's drug activities provides:

> He became involved in marijuana in the late 1970's and distributed marijuana in fifty pound quantities in 1981. He began distributing cocaine in two ounce quantities in 1982, graduated to one-fourth to one-half pound quantities, and distributed approximately one pound of cocaine each month during 1983 and 1984, from which he earned a profit of approximately $500 per ounce. He eventually increased his participation in the distribution of cocaine to the point where he was transporting kilogram quantities of cocaine from Florida to Virginia in 1985. He distributed his cocaine through motorcycle club members. It is

12

>  estimated that he participated in the
>  distribution of approximately twenty-four pounds
>  of cocaine which was approximately 70% pure
>  between 1983 and 1984 and approximately twenty-
>  four kilograms of cocaine which was
>  approximately 90% pure between 1985 and 1987.

(Doc. 11, Exhibit 1).

Although the respondent has not pointed to any record support for the USPC's use of 1977 as the date that the petitioner began his drug distribution activities, there is record support for the determination that the petitioner was involved in drug distribution over a substantial period of time. The USPC's statement that the petitioner was involved in an organized criminal activity with approximately 15 people indicted is correct.

The USPC had a rational basis for its determinations that the longevity of the petitioner's criminal conduct and the scale of the criminal enterprise that he was involved with justify a decision more than 48 months above the lower limits of the Category Eight guidelines.

13

The petitioner contends that mitigating circumstances justify a different decision. The petitioner points to such mitigating circumstances as that he had received an honorable discharge from the Navy, that he had become involved in his offense at age 22 to support his own addiction to cocaine, that he did not receive substantial financial gain from his activity and that he was a first time offender. It was up to the USPC to exercise its discretion as to how to weigh such facts and to set the precise date within the guidelines that the petitioner would be paroled. There is no basis for the court to review that exercise of discretion. *See Marshall v. Lansing*, 839 F.2d 933, 949-50 (3d Cir. 1988)("The role of the court, in reviewing a within-guidelines parole decision, is therefore essentially limited to insuring that the guidelines were in fact followed, once the Commission has exercised its informed discretion.").

The petitioner also contends that the USPC improperly considered information that was stricken from the indictment.

Specifically, the parole examiner stated in the initial hearing summary that:

> The subject had an active role and is described in the PSI as providing a Thermit grenade to destroy a drug center. The subject denies his guilt with regards to this specific act and stated that it was to have been removed from the PSI.

(Doc. 11, Exhibit 2).

The government agreed to delete from the indictment the charge that the petitioner attempted to maliciously burn or destroy by an explosive device a building located at 325 West 21st Street, Norfolk, Virginia. (Doc. 3, Exhibit C - Indictment Count 2 ¶5(o) and Doc. 3, Exhibit D - Guilty Plea at p. 48). The petitioner contends that the USPC, therefore, could not use that information in making its parole decision.

None of the Notices of Action mention arson as a basis for the USPC's decision. Moreover, the USPC may consider evidence of offenses which were charged in dismissed counts. *United States ex rel. Goldberg v. Warden*, 622 F.2d 60, 64-65 (3d Cir. 1980), *cert. denied*, 449 U.S. 871 (1980).

15

The petitioner contends that the USPC failed to indicate that it has credited the petitioner with the time he will serve on his ten-year non-parolable sentence. This argument is without merit. The USPC explained to the petitioner:

> In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates the contrary. The Federal Bureau of Prisons is responsible for determining the order in which you will serve your parolable and non-parolable sentences, not the Commission. The Commission has complied with its policy regarding consecutive non-parolable sentences, by ordering that you serve 159 months for the parolable sentence, because you will serve an additional 79 months on your non-parolable sentence, to achieve the final result of service of 240 months. In other words, you have received guidelines credit for the time that you will serve on your consecutive sentence.

(Doc. 11, Exhibit 6).

Finally, the petitioner contends that there was co-defendant disparity in that his co-defendants have long been released on parole. The petitioner has not identified any co-defendant who received a disparate decision from the USPC. Moreover, the petitioner does not have a right to a parole

16

release date identical to that of a co-defendant. *Augustine v. Brewer*, 821 F.2d 365, 372 (7th Cir. 1987).

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

DATED: October 4, 2000.

17

AO 72A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. BUSHMAN | : CIVIL NO: 1:CV-00-1230 |
|     Petitioner, | : |
| | : (Judge Kane) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| JAKE MENDEZ, | : |
|     Respondent | : |

**FILED
HARRISBURG, PA

OCT 0 4 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk**

<u>NOTICE</u>

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                                      J. Andrew Smyser
                                                                       Magistrate Judge

Dated: October 4, 2000.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

October 4, 2000

Re:  1:00-cv-01230    Bushman v. Mendez

True and correct copies of the attached were mailed by the clerk to the following:

Michael J. Bushman
USP-ALLENWOOD
Maximum Security Correct. Inst.
22758-083
P.O. Box 3000
White Deer, PA  17887

Kate L. Mershimer, Esq.
308 Federal Building
240 West Third Street
P.O. Box 548
Williamsport, Pa  17703

Michael A. Stover, Esq.
U.S. Parole Commission
Office of General Counsel
One North Park Bldg.
5550 Friendship Blvd.
Chevy Chase, MD  20815

Sharon Gervasoni, Esq.
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, MD  20815

David Barasch
US Atty's Office
2nd Floor
228 Walnut St.
Harrisburg, PA  17108

```
cc:
Judge                          (✓)
Magistrate Judge               (✓)
U.S. Marshal                   ( )
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen ( )   PA Atty Gen ( )
                                         DA of County ( )  Respondents ( )
Bankruptcy Court               ( )
Other _eyes due_               (✓)
```

MARY E. D'ANDREA, Clerk

DATE: 10/4/00

BY: [signature]
Deputy Clerk