ORIGINAL

FILED
HARRISBURG
OCT 23 2000
MARY E. D'ANDREA, CLERK
Per
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. BUSHMAN, Petitioner, v. JAKE MENDEZ, Respondent.

CIVIL NO. 1:CV-00-1230
(Judge Kane)
(Magistrate Judge Smyser)

**PETITIONER'S OBJECTIONS TO THE U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

NOW COMES, the Petitioner, Michael J. Bushman, and appearing pro se, hereby files this his objections to the Magistrate Judge's Report and Recommendation, and further sets forth reasons for granting the petition for writ of habeas corpus.

1. **Facts**.

Petitioner does not have any objections to most of the facts enumerated by the Magistrate Judge in his Report and Recommendation (hereinafter referred to as "Report"), except as follows:

The government cannot establish that the Petitioner was accountable for 18.75 kilograms (or more) of cocaine in the distribution scheme.

The government, in its factual basis at the plea proffered that the Petitioner only was responsible for approximately 6363 grams of cocaine; 127 pounds of marijuana; 200 units of methaqualone; 3/8 ounce of methamphetamine. No where, in the indictment or the government's factual basis is 18.75+ kilograms of cocaine described. Therefore, the assumption provided by the Parole

Commission ("Commission") is vicarious and has no rational basis in the record.

2. Standard of Review.

When reviewing the Commission's decision(s), this Court must consider "whether there is a rational basis in the record for the [Commission's] conclusion in its statement of reasons." Marshall v. Lansing, 839 F.2d 933, 945 n.7 (3d Cir. 1988). Morover, an agency must follow its own regulations, which have the force of law. Id. at 943.

3. Offense Severity Rating.

The Magistrate Judge errs in merely reciting the Commission's Notice of Action as evidence in justifying their decision to place the Petitioner's offense severity rating at Eight rather than Seven. Moreover, the Magistrate Judge errs in holding that the PSI is probative of this, especially when this amount is not corroborated, and the government's factual basis was quite different.*

Finally, the Magistrate Judge errs in holding that this Court's review is limited to rather the Commission had "any evidence." Rather, if the evidence is accurate, by the preponderance of the evidence, and if their decision is arbitrary, or capricious. Additionally, it is clear that the Commission's actions were arbitrary and capricious, as the decision by the Commission, as cited in the Notice of Action, has no rational basis

---

* Additionally, the indictment and the factual basis holds the entire conspiracy for only 16 pounds.

herein and the Commission ignored overwhelming evidence that Petitioner was not accountable for the quantity of drugs which the Commission seeks to hold him accountable for; moreover, the decision of the Commission appears to be based solely on punitive reasons and considerations, and thus is clearly arbitrary, capricious and erroneous. see e.g., Little v. Hadden, 504 F.Supp. 558 (D.Colo. 1980).

The Commission's statement of reasons set forth in their Notice of Action ("NOA") stated that its rationale was because the Petitioner's offense involved "RICO and CCE violations in which the underlying behavior included the distribution of more than 18.75 kilograms of cocaine (purity unknown)."

Petitioner, as enumerated above, was indicted for specific quantities of narcotics in his indictment before the trial court. This was not a conspiracy of unknown quantities, but government investigators, as well as the grand jury alleged and indicted Petitioner for specific quantities. According to the government, Petitioner was accountable for 38.5 ounces (not 18.75+ KG) of cocaine. See Indictment, Section 5. Furthermore, the government provided Petitioner with a summary of its evidence and allegations against the Petitioner. This summary only mentions the same small amounts as previously stated in the indictment. See MEMORANDUM BRIEF, Exhibit A, pp. 86-90.

The Commission's decision and conclusion that the Petitioner's offense behavior involved 18.75+ kilograms of cocaine is clearly erroneous and arbitrary, and constitutes a clear abuse of discretion on the Commission's part.

The indictment, as well as the evidence produced by the government clearly shows that he was only accountable for 38.5 ounces of cocaine. The PSI, in actuality, provides the Commission with no additional factual evidence of any quantity greater than the amount contained in the indictment and repeated by the government at the plea, except for Petitioner's admission that he had estimated that he sold "roughly 14 pounds of cocaine." <u>See</u> MEMORANDUM BRIEF, Exhibit C, PSI, p. 16. These 14 pounds would be the equivalent of 6363 grams of unknown purity, or a category 7 offense. <u>See</u> MEMORANDUM BRIEF, p. 8 and passim.

The Commission based his rating in violation of its regulations, which state, in pertinent part;

> The prisoner is to be held accountable for <u>his</u> own actions and the actions done in concert with others; however, the prisoner is not to be held accountable for activities committed by associates <u>over which the prisoner has no control and could not have reasonably expected to foresee</u>.

28 CFR § 2.20, Ch. 23, Subch. A, note 4 (emphasis added).

This regulation requires the Commission to "carve-out" Petitioner's participation in the conspiracy, and to hold him accountable, in the absence of any evidence to the contrary, only for the amount of cocaine which he admitted to distributing, 14 pounds (6363 grams), which is over 5,000 grams more than the government accused him of having.

As Petitioner alleged in the Memorandum Brief, the Commission violated its own rule requiring it to resolve prisoner disputes

concerning the accuracy of the information presented by it to a "preponderance of the evidence standard." U.S. Parole Commission Rules and Procedure Manual § 2.20-04; 28 C.F.R. § 2.19(c). Under this regulation, if the prisoner disputes the accuracy of the information presented, "the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. Id.

Accordingly, the Petitioner asserts that because the Commission was presented with no evidence to the contrary, nor was his admission that he distributed 14 pounds of cocaine contradicted by the preponderance of the evidence, the Commission clearly abused its discretion when it arbitrarily held him accountable for 18.75+ kilograms of cocaine.

Parole Commission regulations requires the Commission to establish control and foreseeability before holding a prisoner vicariously responsible for coconspirator actions, as well as uncharged actions. An agency must follow its own regulations, which have the force of law. Marshal v. Lansing, 839 F.2d 933, 943 (3d Cir. 1988), and the Parole Commission's regulations clearly state that in dealing with terms of parole rather than legal responsibility for the substance or conspiratorial crime. The Commission cannot hold a prisoner responsible for the actions of his codefendants merely because the prisoner was convicted

of conspiracy or a CCE. Roberts v. Corrothers, 812 F.2d 1173, 1180 (9th Cir. 1987); Augustine v. Brewer, 821 F.2d 365, 370 n.5 & 371 n.6 (7th Cir. 1987).

The law in the Circuit clearly establishes that when reviewing the Commission's decision, a federal court must determine "whether there is a rational basis in the record for the board's conclusions embodied in its statement of reasons." Lansing, 839 F.2d at 945 n.7.

Petitioner contends that a careful review of the record by this Court would show that the Petitioner was not accountable for 18.75+ kilograms of cocaine, and that the allegations of the Commission in this regards squares neither with the facts that were before it nor with its own regulations.

The record is clear, as enumerated above as well as in the Memorandum Brief, that at the absolute outside, the most the Commission could hold the Petitioner accountable for would be 14 pounds, which is a Category Seven offense.

Therefore, it is respectfully suggested, that faced with the facts before it, the Commission could not have concluded rationally under a preponderance standard that the Petitioner was responsible for, controlled, or foreseen the sale of more than 18.75 kilograms of cocaine, especially where the evidence does not establish his involvement with more than 14 pounds. It is further suggested that as there were no facts before the Commission that Petitioner was accountable for the distribution

of more than 14 pounds of cocaine, the Commission erred in holding him accountable for 18.75+ kilograms, and that this holding was arbitrary and capricious and a clear abuse of discretion.

Therefore, it is respectfully suggested, this Court should remand this matter to the Parole Commission with instructions to reduce Petitioner's severity rating to a Category Seven. (see e.g. United States ex rel., Farese v. Luther, 953 F.2d 49, 54 (3d Cir. 1992).

4. Codefendant Disparity.

The Magistrate Judge is in err concerning that there was no co-defendant disparity in this case. Mr. Bushman, a first-time offender, is the only person within his conspiracy who is still incarcerated. Mr. Bushman has an aggregated sentence of 35 years. Petitioner has attached hereto as exhibits, copies of one co-defendant's Judgment and Commitment Order and his Docket Sheet, this co-defendant also had an aggregated sentence of 35 years, was convicted of more offenses than the Petitioner, and is a 3 time loser. This person was released on parole some time ago. As with this co-defendant, most of Petitioner's co-defendants had lengthy criminal records, while, as previously stated, Petitioner is a first time offender.

The Parole Commission, once again, did not follow their own regulations, and there is unwarranted co-defendant disparity in violation of the Commission regulations found in the Manual at § 2.20-09, and under the rule of parsimony at 2.20-07.

All of Petitioner's codefendants have been released on parole, including Richard Bryant who was released 10-08-99 on parole, and several of these, excluding Petitioner, had prior convictions. Moreover, the government in their Response to the Show Cause Order stated that Codefendant Richard Bryant was required to serve his sentence to expiration (i.e. denied him a parole release). Response at 12. It strikes the Petitioner as kind of funny that Mr. Bryant is currently out of prison on parole, when his sentence was as long as the Petitioner's. See Exhibits (attached).

Finally, Petitioner could not have been more culpable. He was not the codefendant with prior convictions.

The Commission is required to follow their own regulations. Lansign, supra. Commission regulations require, if at all possible, no codefendant disparity. See Commission Manual § 2.20-09.

Therefore, it is evident that review by this Court is necessary in order to insure that the Commission "has followed criteria appropriate and rational and consistent" with its enabling statutes and that its decision "is not arbitrary or capricious, nor based on impermissible considerations." Zannio v. Arnold, 531 F.2d 687, 690 (3d Cir. 1976).

5. Conclusion.

Petitioner has satisfied the requirements for issuance of a writ of habeas corpus. It is clear that the Commission has held the Petitioner to a higher severity rating than is permissible under the Commission's rules and regulations and 28 C.F.R. The

Commission had absolutely no reliable evidence in order to substantiate its arbitrary and capricious decision.

It is a fundamental principle that federal courts will require that evidence used to enhance an inmate's offense severity rating be more reliable than a bald assertion. Gambino v. Morris, 134 F.3d 156, 162-63 (3d Cir. 1998).

Moreover, under 18 U.S.C. § 4206(c), the Commission must establish good cause, a factor sorely missing here, for denying release on parole under the appropriate guidelines, and the Commission must have a substantial reason, back by reliable evidence, and said decision must be in good faith and on factors which are not arbitrary, irrational, unreasonable, irrelevant, or capricious. Gambino, 134 F.3d at 162-63.

Finally, a statutory interim hearing should have been held for the Petitioner pursuant to 18 U.S.C. § 4208. The mere fact that the Commission has written a regulation stating that such a hearing is not necessary is irrelevant and forms no basis for denying the Petitioner a hearing which he is entitled to by law. The Commission, as an agency of the United States Executive Department is mandated to obey acts of Congress, irrespective of their own interagency regulations or rules. The Commission's rules and regulations cannot "trump" or repeal Acts of Congress. Complaint of Nautilus Motot Tanker Co., Ltd., 85 F.3d 105 (3d Cir. 1996); Cf. Barseback Kraft AB v. United States, 127 F.3d 1471 (Fed. Cir. 1997)(regulation

cannot override clearly stated statutory requirement).

Petitioner was clearly prejudiced by the denial of such hearing, and he was unable to present the Commission with factors that would have warranted an earlier parole date and/or a prorated release date.

WHEREFORE, facts and premises considered, the Petitioner prays that this Court will grant the petition for writ of habeas corpus.

Dated: October 19, 2000

Respectfully submitted:

Michael J. Bushman
Reg. No. 22758-083
USP Allenwood
P.O. Box 3000
White Deer, PA. 17887-3000

CERTIFICATE OF SERVICE

I do hereby certify that on this 19 day of October, 2000, I caused a true and correct copy of the above and foregoing pleading to be mailed, first-class, postage prepaid, to the following:

Kate L. Mershimer, Esq.
Assistant U.S. Attorney
316 Federal Building
240 West Third Street
Williamsport, PA. 17703

by depositing same in a plain wrapper, properly addressed, with sufficient postage affixed thereto, and depositing same in an official depository for delivery by the United States Postal Service.

Michael J. Bushman

PO 0422 02 Assigned 2298 Dist/Sentence 2213 — Misd. — Felony X District — Off — Judge/Magistr. — WRIT — JUVENILE — Y ALIAS — OFFENSE ON INDEX CARD

U.S. vs BRYANT, RICHARD A. a/k/a "R.P." "Rick"

Mo Day Yr: 08 11 87 — Docket No. CR.87-00100 — No. of Defts 16 — U.S. MAG. CASE NO.

## I. CHARGES

| U.S. TITLE/SECTION | OFFENSES CHARGED | ORIGINAL COUNTS | |
|---|---|---|---|
| T.18:1962(d) | RICO Conspiracy (re:T.18:1961(4) | (Ct. 1) | 1 |
| T.18:1962(c) | R.I.C.O. | (Ct. 2) | 1 |
| T.21:846 | Conspiracy and attempt to distribute narcotics (Cocaine, Methamphetamine & Marijuana - Sch.II | (Ct. 3) | 1 |
| T.21:841(a)(1) | Dist. & Poss. w/intent to dist. narcotics - Sch. II (Cts. 4-13; 16-17; 19,21,23, 26, 28-29 (Cocaine & Methamphetamine) | | 18 |
| T.21:843(b) | Unlawful use of a communication facility re Dist. of Methamphetamine - Sch. II | (Ct. 14) | 1 |
| T.18:1952(a)(3) | Interstate travel in aid of racketeering | (Cts. 15,18,20,22,24,27) | 6 |

(Cont'd)

SUPERSEDING COUNTS — DISM. Y NG — GUILTY NOLC

## II. KEY DATE

INTERVAL ONE — KEY DATE — EARLIEST OF: arrest, summons, custody, appears on complaint

KEY DATE: 9-30-87 — APPLICABLE

END ONE AND/OR BEGIN TWO (OR RESTART PERIOD TO TRIAL): X Indictment filed/unsealed; consent to Magr. trial on complaint; Information; Felony Waiver

KEY DATE: 10-21-87 — a) X 1st appears on pending charge /R40; b) Receive file R20/21; c) Supsdg. Indt. Inf.; d) Order New trial; e) Remand; f) G/P Withdrawn

END INTERVAL TWO — KEY DATE: 12-23-87 — APPLICABLE — Dismissal; Pled X guilty; X After N; Nolo; After no; Trial (voir dire) began; Jury; C.N.J.

| 1st appears with or waives counsel | ARRAIGNMENT | 1st Trial Ended | RE-TRIAL | 2nd Trial Began | DISPOSITION DATE | SENTENCE DATE | FTD / Nolle Pros. | FINAL CHARGES DISMISSED |
|---|---|---|---|---|---|---|---|---|
| | 10-22-87 | - | | - | 12-23-87 | 2-29-88 | | On S.T. grounds; W.P.; WOP |

## III. MAGISTRATE

| | | DATE | INITIAL/NO. |
|---|---|---|---|
| Search Warrant | Issued | | |
| | Return | | |
| Summons | Issued | | |
| | Served | | |
| Arrest Warrant Issued | | | |
| COMPLAINT | | | |

INITIAL APPEARANCE DATE — PRELIMINARY EXAMINATION OR REMOVAL HEARING: Date Scheduled; Date Held — WAIVED — NOT WAIVED — Tape Number — INTERVENING INDICTMENT

OUTCOME: DISMISSED; HELD FOR GJ OR OTHER PROCEEDING IN THIS DISTRICT; HELD FOR GJ OR OTHER PROCEEDING IN DISTRICT BELOW

Date of Arrest — OFFENSE (In Complaint)

Show last names and suffix numbers of other defendants on same indictment/information:

01:BRYANT; 02: BUSHMAN; 03: MCMILLIAN; 04: LaFreniere; 05:FOUTZ; 06: URRUTIA; 07: COLLETT; 08: HALL; 09: JUSTICE; 10: C. BRYANT; 11: Walter WILLIAMS; 12: William WILLIAMS; 13:ESPOSITO; 14:RAND; 15:KIRN:16:ARMENTANI

## IV. NAMES & ADDRESSES OF ATTORNEYS, SURETIES, ETC.

ATTORNEYS — U.S. Attorney or Asst.: Robert J. Seidel, Jr., AUSA

Defense: 1 X CJA. 2 Ret. 3 Waived. 4 Self 5 Non/Other 6 PD 7 CD

Gary B. Allison, Esq.
1092 Laskin Road, Suite 112
Virginia Beach, VA. 23451
422-1212

BAIL • RELEASE — PRE-INDICTMENT: Release Date; Bail Denied; Fugitive; Pers. Rec.; AMOUNT SET $; PSA; Conditions; Date Set; 10% Dep.; Surety Bn.; Bail Not Made; Collateral; Date Bond Made; 3rd Prty; Other

POST-INDICTMENT: DETAINED — Release Date; Bail Denied; X Fugitive; Pers. Rec.; AMOUNT SET $; PSA; Conditions; Date Set; 10% Dep.; Surety Bn.; Bail Not Made; Collateral; Date Bond Made; 3rd Prty; Other

FINE AND RESTITUTION PAYMENTS — XI Docket Entries Begin On Reverse Side

| DATE | RECEIPT NUMBER | C.D. NUMBER | DATE | RECEIPT NUMBER | C.D. NUMBER |
|---|---|---|---|---|---|
| | | | | | |

APPEALS FEE PAYMENTS

---

CRIMINAL DOCKET U.S. District Court

PO 0422 02 2298 — Felony X — Alias Y

U.S. vs BRYANT, RICHARD A. a/k/a "R.P." "Rick"

08 11 87 CR. 87-[illegible] — No. of Defts 16

## I. CHARGES

| U.S. TITLE/SECTION | (CONTINUED FROM FRONT PAGE) OFFENSES CHARGED | ORIGINAL COUNTS | |
|---|---|---|---|
| T.18:2312 | Interstate transportation of stolen prop. | (Cts.25 & 142) | 2 |
| T. 21:848 | Continuing Crim. Enterprize | (Ct. 30) | 1 |
| T. 18:371 | Conspiracy to commit arson (re:T.18:844(f) | (Ct.125) | 1 |
| T.18:844(f)&2 | Arson | (Cts.126,129) | 2 |
| T.18:844(i)&2 | Attempted Arson | (Cts.127,128) | 2 |
| T.26:5845,5861(d) & 5871 | Poss. of a destructive device | (Cts.130,133,134) | 3 |
| T.18:922(h)(1)&924 | Poss. of firearm by convicted felon | (Ct.135) | 1 |
| T.18:2421 | Interstate travel in aid of prostitution | (Ct.144) | 1 |
| T.18:1001 & 2 | False stmts. to a Federal agency | (Cts.145, 146,147) | 3 |
| T.18:371 | Conspi. to Poss. destructive devices | (Ct.131) | 1 |
| T.26:5845,5861(d)5871 & T.18:2 | Poss. of destructive device | (Ct.132) | 1 |

MASTER DOCKET - MULTIPLE DEFENDANT CASE / PROCEEDINGS DOCKET FOR SINGLE DEFENDANT PAGE ___ OF ___

DOCKET NO. 1987 CR. 87-100-N (BRYANT) Richard

V. PROCEEDINGS

| DATE | V. PROCEEDINGS | VI EXCLUDABLE DELAY |
|---|---|---|
| 1987 | | |
| ...g. 11 | INDICTMENT returned and filed in open Court. Court directed that Indictment be SEALED. (See order entered in open Court.) BENCH WARRANTS dir. to issue. NO BOND SET - Deft. to be DETAINED. B/W to be del. to DEA Agts for exec. | |
| ...g. 11 | BENCH WARRANT iss. Del. to DEA Agt. Pickering on 8/13/87. | |
| ...pt 30 | MOTION & ORDER unsealing Indictment ent. & filed; JCC, Jr., Judge. | |
| ...t. 21 | COURT PROCEEDINGS (JCC, Jr., Judge)(H.Weiss, OCR) - U.S. appear. thru Robert Seidel, Jr., AUSA. Deft. pres. (IN CUST.) w/o cnsl. Came on for arr. Copy of Ind. prev. furn. to deft. Deft. desires to retain cnsl. Court granted recess for deft. to contact cnsl. LATER: Arr. cont. to 10-21-87 for deft. to make arrangemts to retain cnsl. Deft. remanded to cust of Mshl. | |
| ...t. 21 | U.S. MAG. Papers recd. (So.D. Ohio). inc. ORDER OF DETENTION PENDING TRIAL recd. & filed 10-22-87. | |
| ...t. 22 | COURT PROCEEDINGS (JCC, JR., Judge)(H. Weiss, OCR) - U.S. appear. thru Susan Watt, AUSA. Deft. pres. (IN CUST.) w/o cnsl. Came on for arr. Mark Smith, atty., pres. to advise Court his firm has not been retained by deft. as fee agreemt. could not be worked out. Cnsl. Desired. Deft. sworn; affidavit executed. Court directed appt. of cnsl. to represent this deft. only. Recess for appt. of cnsl. (LATER) Gary Allison, c.a. cnsl. appear. w/deft. Came on for arr. Deft. waived form. arrmt. & plead not guilty to each count. Jury demanded. Prel. motions to be filed by 11/6/87. Due to complexity, set for trial on 1-4-88 w/JURY. Court stated that deft. must be pres. at prel. hrgs. unless he exec. & filed waiver of appear. form. Waiver of appear form furnished. Deft. also charged in Count 131 of Ind. Bond & det. hrgs. set 10-23-87 at 9:00 a.m. Deft. remanded to cust. of US Mshl. | T2 |
| ...t. 23 | CJA-20 Appointment of & Authority to Pay Court Appted Counsel (Gary B. Allison) ent. 10-22-87 & filed. | |
| ...t. 23 | COURT PROCEEDINGS (JCC, Jr, Judge)(H. Weiss, OCR) - U.S. appear. thru Robert Seidel, AUSA. Deft. pres. (IN CUST.) w/c.a. cnsl., Gary Allison. Matter came on for det. hrg. Govt. pres. evidence & rested. No additional evidence on behalf of deft. Arguments heard. Court ruled from Bench GRANTING GOVT.'S MOTION FOR DET. Court to prepare Order. Deft. remanded to cust. of Mshl. | |
| ...t. 23 | DETENTION ORDER ent. & filed, JCC, Jr., Judge. Copies to Mars., P.O., US Atty., Deft., Deft.'s cnsl. & o.b. | |
| ...v. 5 | MOTION for Continuance, filed. | 11-5-87 E |
| ...v. 5 | MOTION to allow deft. Separate Trial, filed. | |
| ...v. 5 | MOTION for Discovery & Inspection, filed. | |
| ...v. 5 | MOTION to adopt all motions filed on behalf of the remaining defts. herein insofar as said motions may be applicable to him, filed. | |
| ...v. 5 | MOTION to Recuse, filed. | |
| ...v. 20 | GOVT'S RESPONSE to deft's motion to recuse filed. | |
| ...v. 20 | GOVT'S RESPONSE to various requests for disc. & insp. filed. | |
| ...v. 20 | GOVT'S REQUEST for disc. & insp. filed. | |
| ...v. 20 | GOVT'S RESPONSE to motion to adopt co-defts' motions filed. | |
| ...v. 20 | GOVT'S RESPONSE to motion for continuance filed. | |
| ...v. 20 | GOVT'S RESPONSE to motions for severance filed. | |
| ...c. 9 | ORDER OF AUTHORIZATION ent. & filed & SEALED, JCC, Jr. Judge. cc to U.S. Att. & U.S. Marshl. | |

CONTINUED TO PAGE ___

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET U.S. vs BRYANT, RICHARD A. a/k/a "R.P." "Rick"

AO 256A

CR.87-100-0...

| DATE 1987 | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY |
|---|---|---|
| Dec. 15 | PETITION & ORDER for Writ of H.C. AD Test. ent. 12-15-87 & filed, JAM, Judge. o.b. | |
| Dec. 15 | WRIT OF H.C. AD Test. iss'd & Del. to Mshl. w/2 cert. copies of order. | |
| Dec. 23 | COURT PROCEEDINGS (JCC, Jr., Judge)(H. Weiss, OCR) - U.S. appeared thru Robert Seidel, AUSA. Deft. pres. w/c.a. counsel, Gary Allison. Deft. sworn. Deft. plead guilty to Counts 1, 2, 4-8, 10-24, 26-29, 125, 129, 131, 132, 135, 145. Waiver of appearance form furn. & filed. Notice of previous Criminal Record filed with copy of Judgment Order attached. Court inq. re vol. of plea; expl. charge; inq. re plea bargaining; Plea Agreement read and filed. Court expl. max. penalty & expl. to deft. that by pleading guilty he waived jury trial. Deft. satisfied with services of counsel. Plea of guilty accepted by Court. Govt. presented factual basis of its case thru summary by Robert Seidel, AUSA. Court finds deft. guilty as to Counts 1, 2, 4-8, 10-24, 26-29, 125, 129, 131, 132, 135 and 145. Cont'd for pre-sentence report. Disposition set 3-3-88 at 12:00 noon. | 12-23-87 |
| Dec. 29 | PETITION & ORDER for Writ of H.C. AD Test. ent. 12-28-87 & filed, WEH, Judge. o.b. (William Whitfield Cardman) | |
| Dec. 29 | WRIT OF H.C. AD Test. iss'd & del. to Mshl. w/2 cert. copies of order. | |
| Dec. 29 | PETITION & ORDER for Writ of H.C. AD Test. ent. 12-28-87 & filed, WEH, Judge. o.b. (Loretta Anne Cahill) | |
| Dec. 29 | WRIT OF H.C. AD Test. iss'd & del. to Mshl. w/2 cert. copies of order. | |
| 1988 Jan. 4 | RETURN ON WRIT of H.C. AD Test., unexec. by AUSA Robert J. Seidel, filed. (Loretta Anne Cahill) | |
| Jan. 4 | RETURN ON WRIT of H.C. AD Test., unexec. by AUSA Robert J. Seidel, filed. (William Whitfield Cardman) | |
| Feb. 29 | COURT PROCEEDINGS (JCC, Jr., Judge) (H. Weiss, OCR) U. S. app. thru Robert J. Seidel, Jr., AUSA. Deft. pres. w/c.a. counsel, Gary B. Allison. Came on for disp. Pre-sent. rpt. rev. by court, counsel & deft. Comments of counsel heard. Nothing off. in delay of sent. SENTENCE:Ct. 1: Comm. 20 yrs.; $10,000 Fine; $50.00 Sp. Assess. Ct. 2: Comm. 20 yrs. concurrently; $50.00 Sp. Assess. Ct. 4: Comm 15 yrs. concurr.; S.P. 10 yrs.; Ct. 5: I.S.S. 5 yrs.; Prob 5 yrs., w/super. Prob. to comm. upon rel. from conf. Prob. term to run consect. w/any other sent. imp.; Ct. 6: Comm. 15 yrs. concurr.; S.P. 3 yrs. concurr. Ct. 7: Comm. 5 yrs concurr.; S.P. 3 yrs. concurr. Ct. 8: Comm. 15 yrs. concurr. S.P. 3 yrs., concurr. Ct. 10: Comm. 5 yrs., concurr. S.P. 3 yrs., concurr. Ct.11:Comm. 5 yrs., concurr. S.P. 3 yrs concurr.; Ct. 12: Comm. 5 yrs., concurr. S.P. 3 yrs., concurr. Ct. 13: Comm. 5yrs., concurr. S.P. 3 yrs.concurr. Ct. 14: Comm. 2 yrs., concurr; Ct. 15:Comm. 2 yrs., concurr.; $50.00 Sp. Assess.; Ct.16:Comm.15 yrs., concurr. S.P.3yrs., concurr; $50. Sp. Assess.; Ct.17:Comm.15yrs.,concurr.; S.P. 3 yrs., concurr.;$50.Sp.Assess.; Ct.18:Comm. 2 yrs., concurr.; $50. Sp. Assess.; Ct.19:Comm. 15 yrs., concurr.; S.P. 3 yrs., concurr. $50.00 Sp. Assess; Ct.20:Comm. 5 yrs., concurr.; $50.00 Spec. Assessment; | |

Interval (per Section II) Start Date / End Date

TED STATES DISTRICT COURT
MINAL DOCKET
AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 1988 | Ct. 21: Comm. 15 yrs., concurr.; S.P. 3 yrs., concurr. $50. Spec. Assess.; Ct. 22:Comm.2 yrs., concurr.; $50.00 Sp. Assess; Ct. 23:Comm. 15 yrs., concurr.; S.P. 3 yrs., concurr.; $50.00 Spec. Assess.; Ct. 24: Comm. 2 yrs., concurr.; $50.00 Spec.Assess.; Ct. 26:Comm. 15 yrs., concurr.;S.P. 3 yrs., concurr.;$50.00 Spec. Assess.; Ct. 27: Comm. 2 yrs., concurr.; $50.00 Spec.Assess; Ct. 28: Comm. 15 yrs., concurr.; S.P. 3 yrs., concurr.;$50.00 Spec. Assess; Ct. 29:Comm. 15 yrs., concurr.; S.P. 3 yrs., concurr.; $50.00 Spec. Assess.; Ct. 125: Comm. 5 yrs., concurr. Ct. 129:. Comm. 10 yrs., consect. w/sent. heretofore imp. in Ct. 1; $5000 Fine; Pay rest. of $716,311.84.;Ct. 131:Comm. 5 yrs., concurr.; $50.00 Spec. Assess.;Ct. 132:Comm. 5 yrs., consect. w/sent. heretofore im. in Cts. 1 & 129; Fine $2500.; Ct. 135: Comm. 2 yrs., concurr; Ct. 145: Comm. 2 yrs., concurr. $2500 Fine. On mot. of Govt., rem. cts. dis. Ct. adv. deft. of his right of appeal. Deft. remanded to custody of Mshl. | | | | |
| Mar. 3 | JUDGMENT & COMMITMENT ORDER ent.2-29-88 and filed; JCC, Jr., Judge. Dist; o.b. | | | | |
| May 20 | DEFT'S MOTION for Reduction of Sentence purs. to R.35, filed. | | | | |
| June 10 | ORDER indicating Court remains of the opinion that the sentence imposed was fair and just; ent. 5/25/88 and filed; JCC, Jr., Judge. Copies mld. as dir. 5/25/88 by Judge's office. | | | | |
| June 20 | ORDER denying deft's motion for reduction of sentence, ent. & filed, JCC, Jr., Judge. Distr. | | | | |
| 1990 | | | | | |
| Oct. 23 | DEFT'S 2255 Motion filed w/attached Memorandum. (C/A90-1772-N) | | | | |
| Oct. 30 | ORDER directing the U.S. Atty to file an answer to petitioner's motion w/in thirty(30) days of the date of this Order, ent 10/29/90 and filed. (JCC,Jr., j.) Distr made as directed. | | | | |
| 06 | GOVT'S RESPONSE to petitioner's motion to vacate sentence, filed. | | | | |
| 16 | TRAVERSE to govt's response to petitioner's motion to vacate sentence, filed. | | | | |
| 30 | ORDER denying deft's 2255 Motion, filed; JCC, Jr., Judge. Distr. | | | | |
| 21 | DEFT'S NOTICE OF APPEAL filed. | | ifp | | |
| 27 | NOTICE & copy of Notice of Appeal fwd. to U. S. Court of Appeal, U. S. Atty. & deft. Copy of docket entries & Court's order filed 11/30/90 also fwd. to Ct. of Appeals. | | | | |
| 1991 | | | | | |
| 4 | DEFT'S MOTION to proceed in forma pauperis filed. | | | | |
| 8 | ORDER PERMITTING deft. to appeal this Court's Order of 11-30-90 in forma pauperis, ent. & filed, JCC, Jr., Judge. Copies to deft. U.S. Atty. & Clerk, U.S. Court of Appeals. o.b. | | | | |
| 14 | Record on appeal (1 vol.) mailed to USCA. | | | | |
| 27 | Advanced copy of opinion recd. from Court of Appeals (D.C. Affirmed) filed. | | | | |
| 19 | Cert. copies of Judgment & Opinion recd. from Court of Appeals & filed (D.C. Affirmed). Record on appeal recd. Copy of Judgment to Mshl; P.O., U.S. Atty. o.b. | | | | |

Interval (per Section II) | Start Date / End Date | Ltr. Code | Total Days

Page 3

UNITED STATES DISTRICT COURT
CRIMINAL DOCKET
U. S. vs BRYANT, RICHARD A.
CR. 87-100-N
AO 256A

| DATE | PROCEEDINGS (continued) | V. EXCLUDABLE DELAY (a) | (b) | (c) | (d) |
|---|---|---|---|---|---|
| 1994 | | | | | |
| Mar 9 | Deft's 2255 Motion to vacate, set aside or correct sentence filed. (2:94cv271) | | | | |
| Mar 9 | Deft's statement in support of request to proceed IFP received. | | | | |
| Apr 6 | Order vacating the $20,000.00 fine and amending the J & C previously entered to provide that restitution shall be in the total amt of $10,000.00. In all other respects the J & C previously ent shall remain in effect unchanged; ent & filed: JCC, Judge. Dist. ob. | | | | |
| Apr 15 | Notice of Appeal filed. | | | | |
| Apr 15 | Notice & copy of Notice of Appeal fwd to U.S. Court of Appeals, U.S. Atty, P.O., Mshl & deft. Copy of Order ent 4-6-94 & docket entries fwd to Ct. of Appeals. | | | | |
| May 5 | Record on appeal (3 vols.) mailed to USCA. | | | | |
| 1995 | | | | | |
| Feb 7 | Certified copies of Judgment and Opinion received from Court of Appeals and filed (D.C. affirmed). Copy of Judgment to Mshl; PO; U.S. Atty; ob. | | | | |
| 1996 | | | | | |
| Jan 2 | PSR returned to Probation Office. | | | | |

Interval (per Section II) | Start Date / End Date | Ltr. Code | Total Days

AO 245 (Rev. 8/87) Judgment in a Criminal Case

# United States District Court

EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED MAR 3 1988 CLERK, U.S. DISTRICT COURT NORFOLK, VA

UNITED STATES OF AMERICA

V.

JUDGMENT IN A CRIMINAL CASE

RICHARD A. BRYANT a/k/a "R.P." "Rick"
4865 South Oliver Drive
Virginia Beach, VA.

Case Number: CR. 87-100-N----01

(Name and Address of Defendant)
DOB:8-15-54
SSN: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

Gary B. Allison, Esq.
Attorney for Defendant

THE DEFENDANT ENTERED A PLEA OF:

[X] guilty XXXXXXXXXXXXXXX as to count(s) 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 125, 129, 131, 132, 135 and 145. , and XXXXXXXXXXXXXXXXXXXXXXX

THERE WAS A:
[X] finding XXXXXXXX of guilty as to count(s) 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 26, 27, 28, 29, 125, 129, 131, 132, 135 and 145.

THERE WAS A:
[☐ finding ☐ verdict] of not guilty as to count(s) ______
☐ judgment of acquittal as to count(s) ______
The defendant is acquitted and discharged as to this/these count(s).

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF: violation of Title 18 §1962(d) RICO Conspiracy (re: T.18:1961(4)); Title 18 §1962(c) R.I.C.O Title 21 §841(a)(1) (Distribution & Possession with intent to distribute narcotics - Sch. II Cocaine & Methamphetamine); Title 21 §843(b) - (Unlawful use of a communication facility re distribution of Methamphetamine - Sch. II); Title 18 §1952(a)(3) - (Interstate travel in aid of racketeering); Title 18 §371 (Conspiracy to commit arson (re:T.18:844(f)); Title 18 §844( & 2 (Arson) ; Title 18 §371 (Conspiracy to possess destructive devices); Title 26 §5845, 5861(d) & 5871 & Title 18 §2 (Possession of destructive device); Title 18 §922(h)(1) & 924 (Possession of firearm by convicted felon); Title 18 §1001 & 2 (False statements to a Federa Agency

IT IS THE JUDGMENT OF THIS COURT THAT:

AS TO COUNT 1: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for confinement for a period of TWENTY (20) YEARS, unless sooner released by operation of law. The defendant is further directed to pay a FINE in the amount of $10,000.00.

AS TO COUNT 2: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for confinement for a period of TWENTY (20) YEARS, unless sooner released by operation of law. Sentence as to Count 2 is to run concurrently with sentence imposed in Count 1.

(Continued on next 6 pages)

United States District Court fo
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

United States of America vs.
DEFENDANT RICHARD A. BRYANT

DOCKET NO. CR. 87-100-N

JUDGMENT AND PROBATION/COMMITMENT ORDER

AS TO COUNT 4: The defendant is hereby committed to the custody of the Attorney Gener or his authorized representative for confinement for a period of FIFTEEN (15) YEARS, unle sooner released by operation of law. Jail sentence as to Count 4 is to run concurrent with sentence imposed in Count 1. It is further ORDERED that following the release said defendant from serving sentence imposed, he shall be placed on SPECIAL PAROLE f a period of TEN (10) YEARS, as provided by the statute.

AS TO COUNT 5: Imposition of sentence is suspended for a period of FIVE (5) YEARS a defendant placed on PROBATION for a period of FIVE (5) YEARS, commencing upon relea from confinement. Defendant to report to the Probation Office as directed. Probati to run consecutively with Special Parole term heretofore imposed.

AS TO COUNT 6: The defendant is hereby committed to the custody of the Attorney Gener or his authorized representative for confinement for a period of FIFTEEN (15) YEARS, unle sooner released by operation of law. Said sentence to run concurrently with senten imposed in Count 1. It is further ORDERED that following the release of said defenda from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THR (3) YEARS, as provided by the statute. Said Special Parole to run concurrently with Speci Parole previously imposed.

AS TO COUNT 7: The defendant is hereby committed to the custody of the Attorney Gener or his authorized representative for a period of FIVE (5) YEARS, unless sooner releas by operation of law. Said sentence is to run concurrently with sentence imposed in Cou 1. It is further ORDERED that following the release of said defendant from serving sa sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS, as provid by the statute. Said Special Parole shall run concurrently with Special Parole previous imposed.

AS TO COUNT 8: The defendant is hereby committed to the custody of the Attorney Gener or his authorized representative for confinement for a period of FIFTEEN (15) YEARS, unle sooner released by operation of law. Said sentence to run concurrently with senten imposed as to Count 1. It is further ORDERED that following the release of said defenda from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THR (3) YEARS, as provided by the statute. Said Special Parole shall run concurrently wi Special Parole previously imposed.

AS TO COUNT 10: The defendant is hereby committed to the custody of the Attorney Gener or his authorized representative for confinement for a period of FIVE (5) YEARS, unle sooner released by operation of law. Said sentence to run concurrently with senten imposed as to Count 1. It is further ORDERED that following the release of said defenda from serving said sentence, he shall be placed on SPECIAL PAROLE for a period

(contin

ENDANT RICHARD A. BRYANT NORFOLK DIVISION
DOCKET NO. CR. 87-100-N
JUDGMENT AND PROBATION/COMMITMENT ORDER
Page 3 of 7

of THREE (3) YEARS, as provided by the statute. Said Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 11: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS, unless sooner released by operation of law. Said sentence shall run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS, as provided by the statute. Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 12: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for confinement for a period of FIVE (5) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS, as provided by the statute. Said Special Parole to run concurrently with Special Parole previously imposed.

AS TO COUNT 13: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS, unless sooner released by operation of law. Said sentence shall run concurrently with sentence imposed as to Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS, as provided by the statute. Said Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 14: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for confinement for a period of TWO (2) YEARS, unless sooner released by operation of law. Said sentence to run concurrently with sentence imposed as to Count 1.

AS TO COUNT 15: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner released by operation of law. Said sentence shall run concurrently with sentence imposed in Count 1.

AS TO COUNT 16: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner released by operation of law. Said sentence shall run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant (Continued)

ENDANT RICHARD A. BRYANT NORFOLK DIVISION
DOCKET NO. CR. 87-100-N
JUDGMENT AND PROBATION/COMMITMENT ORDER
Page 4 of 7

from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THRE (3) YEARS, as provided by the statute. Special Parole shall run concurrently with Specia Parole previously imposed.

AS TO COUNT 17: The defendant is hereby committed to the custody of the Attorney Genera or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner release by operation of law. Said sentence shall run concurrently with sentence imposed in Coun 1. It is further ORDERED that following the release of said defendant from serving sai sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS, as provide by the statute. Special Parole shall run concurrently with Special Parole previousl imposed.

AS TO COUNT 18: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner release by operation of law. Said sentence is to run concurrently with sentence imposed in Coun 1.

AS TO COUNT 19: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner release by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving sai sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS. Sai Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 20: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS, unless sooner release by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

AS TO COUNT 21: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner release by operation of law. Said sentence shall run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving sai sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS, as provide by the statute. Special Parole shall run concurrently with Special Parole previousl imposed.

AS TO COUNT 22: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner release by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

United States District Court for EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DEFENDANT: RICHARD A. BRYANT

DOCKET NO. CR. 87-100-N

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

AS TO COUNT 23: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS. Said Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 24: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

AS TO COUNT 26: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS. Said Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 27: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

AS TO COUNT 28: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS. Said Special Parole shall run concurrently with Special Parole previously imposed.

AS TO COUNT 29: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIFTEEN (15) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. It is further ORDERED that following the release of said defendant from serving said sentence, he shall be placed on SPECIAL PAROLE for a period of THREE (3) YEARS. Said Special Parole shall run concurrently with Special Parole previously imposed.

(continued on next page)

United States of America vs.

United States District Court for EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DEFENDANT: RICHARD A. BRYANT

DOCKET NO. CR. 87-100-N

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

AS TO COUNT 125: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

AS TO COUNT 129: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TEN (10) YEARS, unless sooner released by operation of law. Said sentence is to run <u>CONSECUTIVELY</u> with sentence imposed in Count 1. The defendant is further directed to pay a FINE in the amount of $5,000.00 and RESTITUTION in the amount of $716,311.84.

AS TO COUNT 131: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

AS TO COUNT 132: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of FIVE (5) YEARS, unless sooner released by operation of law. Said sentence is to run <u>CONSECUTIVELY</u> with sentence imposed in Count 1. The defendant is further directed to pay a <u>FINE in the amount</u> of $2500.00.

AS TO COUNT 135: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1.

AS TO COUNT 145: The defendant is hereby committed to the custody of the Attorney General or his authorized representative for a period of TWO (2) YEARS, unless sooner released by operation of law. Said sentence is to run concurrently with sentence imposed in Count 1. The defendant is further directed to pay a FINE in the amount of $2500.00.

AO 245 (Reverse)

Page 7 of 7
U.S.A. vs. RICHARD A. BRYANT CONDITIONS OF PROBATION CR. 87-100-N

Where probation has been ordered the defendant shall:

(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;
(2) associate only with law-abiding persons and maintain reasonable hours;
(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);
(4) not leave the judicial district without permission of the probation officer;
(5) notify your probation officer immediately of any changes in your place of residence;
(6) follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $ 850.00 pursuant to Title 18, U.S.C. Section 3013 for count(s) 1; 2; 15; 16; 17; 18; 19; 20; 21; 22; ~~xxxxxxxx~~ 23; 24; 26; 27; 28; 29; 131;as follows: $50.00 as to each of these counts.

IT IS FURTHER ORDERED THAT counts 3,9,25,30,126,127,128,130,133,134,144,146 & 147 are DISMISSED on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

X The Court orders commitment to the custody of the Attorney General ~~xxxxxxxxxxxxxx~~

February 29, 1988
Date of Imposition of Sentence

[signature]
Signature of Judicial Officer

J. Calvitt Clarke, Jr., U. S. District Judge
Name and Title of Judicial Officer

February 29, 1988
Date

A TRUE COPY, TESTE
Norman H. Meyer Jr., Clerk
By [signature]
Deputy Clerk

RETURN

I have executed this Judgment as follows:

________________________________

Defendant delivered on __________ (Date) to ____________________ at ____________________, the institution designated by the Attorney General, with a certified copy of this Judgment in a Criminal Case.

____________________
United States Marshal