**OFFICE OF THE CLERK**

# UNITED STATES COURT OF APPEALS

|  |  |  |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4926 |

**pacer.ca3.uscourts.gov**

March 27, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA 17108

**RE: Docket No. 01-1488**
**Bushman  vs. Mendez**
**D. C. No. 00-cv-1230**

RECEIVED
MAR 29 2002
PER
HARRISBURG, PA.        DEPUTY

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case, together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

We return herewith the certified record in the case.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Carolyn Hicks
Case Manager

Enclosure

cc:
Mr. Michael J. Bushman
Kate L. Mershimer, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1488

_____

MICHAEL J. BUSHMAN,

Appellant

v.

JAKE MENDEZ, Warden

_____

**FILED**
**HARRISBURG**

MAR 2 9 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-CV-01230)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2001

Before: ALITO, ROTH AND FUENTES, CIRCUIT JUDGES

_____

**JUDGMENT**

_____

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR

34.1(a).  On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the judgment of the District

Court entered February 1, 2001 be and the same is hereby affirmed.  All of the above in

No. 01-1488

Page 2

accordance with the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

Clerk

DATED: January 29, 2002

Certified as a true copy and issued in lieu
of a formal mandate on March 27, 2002
Teste: *Marcia M. Waldron*

Clerk, U.S. Court of Appeals
        For the Third Circuit.

UNREPORTED- NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1488

MICHAEL J. BUSHMAN,

Appellant

v.

JAKE MENDEZ, Warden

FILED
HARRISBURG

MAR 2 9 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-CV-01230)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
November 7, 2001

Before: ALITO, ROTH AND FUENTES, CIRCUIT JUDGES

(Filed: January 29, 2002)

OPINION

PER CURIAM

Michael J. Bushman appeals from the District Court order denying his petition for

a writ of habeas corpus.  Bushman's petition challenged the decision of the United States

Parole Commission, paroling him effective July 8, 2000 from a twenty-five year sentence

to a non-parolable ten year sentence.[1]

Bushman argues on appeal that the District Court erred in essentially four ways:

(1) in finding that an interim parole hearing was not mandated before the setting of an

effective parole date; (2) in upholding the Commission's finding of an offense severity

rating of Eight based on alleged distribution of 18.75 kilograms or more of cocaine; (3) in

finding that the Commission had a rational basis for justifying its decision more than 48

months above the lower limits of Category Eight guidelines; and (4) in finding no

unwarranted co-defendant disparity.  As Bushman focuses primarily on the second and

fourth issues, we shall do so as well.

Bushman also argues that the District Court used the wrong standard of review.

The District Court correctly stated the standard of review: whether there is a rational basis

in the record for the Commission's conclusions embodied in its statement of reasons.

Zannino v. Arnold, 531 F.2d 687, 691 (3d Cir. 1976).  The Commission may not base its

decision on inaccurate facts, but it may rely on a variety of sources for its facts, including

presentence reports, dismissed counts of indictments, and information in a separate,

---

[1]Bushman was originally serving a twenty-five year sentence, subject to parole, for racketeering activity in violation of 18 U.S.C. §§ 1962-63 and for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  This sentence was to be followed by a ten year sentence for conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848.

dismissed indictment.  <u>Campbell v. United States Parole Commission</u>, 704 F.2d 106, 109-10 (3d Cir. 1983).  Bushman argued in his petition that the Commission's decision was based on inaccurate facts.  The Commission found an offense severity level of Eight based on "underlying behavior includ[ing] the distribution of more than 18.75 kilograms of cocaine."  Bushman argues that because the indictment established only that he was responsible for 38.5 ounces of cocaine, the Commission had no basis for its finding.  Bushman argued that the highest amount on which the Commission should have based its finding is 14 pounds, or 6363 grams, based on his admission in the presentence investigation report (PSI) that he had sold roughly 14 pounds of cocaine.  Bushman argued that even using the 14 pound figure, the Commission should have found an offense severity level of Seven.  Bushman argued that the Commission should have issued a retroactive parole date based on level Seven, so that the time served beyond that lower range could be applied to his non-parolable ten-year sentence.

In fact, the Commission did have a basis for its finding that Bushman was responsible for more than 18.75 kilograms of cocaine.  The PSI states in part that Bushman distributed "approximately twenty-four pounds of cocaine . . . between 1983 and 1984 and approximately twenty-four kilograms of cocaine . . . between 1985 and 1987."  As Bushman apparently did not challenge these findings before sentencing, the Commission was entitled to assume that the facts stated in the PSI were accurate.  <u>United States ex rel Goldberg v. Warden</u>, 622 F.2d 60, 66 (3d Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 871

. (1980).  Our Court has stated:

> In the parole context, Congress has authorized the Commission to view presentence reports, 18 U.S.C. § 4207(3) despite the knowledge that there are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatsoever to the crime with which the defendant is charged.

Goldberg, 622 F.2d at 64.  Thus, the District Court properly found that the Commission

had a rational basis for its offense severity rating.

As to the codefendant disparity argument, Bushman argues that one of his

codefendants, who had a criminal history, is already on parole, while he is still

incarcerated.  As we stated in United States ex rel Farese v. Luther, 953 F.2d 49, 54 (3d

Cir. 1992), "While the Commission must obtain and consider the parole status of

co-defendants, United States Parole Rules and Procedures Manual § 3.12-07 (1989), it is

not required to give co-defendants the same offense severity rating. Id. § 2.20-09."  The

current Manual states, "Unwarranted codefendant disparity" refers to different parole

decisions for similarly situated offenders where no legitimate reason for the difference in

decisions exists.  It is to be remembered that different decisions for codefendants are not

necessarily inappropriate." http://www.usdoj.gov/uspc/ProcedureManual/part1.htm.  The

provision then goes on to give various cases in which disparity might be warranted.

While Bushman is correct in noting that the Commission must follow its own regulations,

see, e.g., Wilson v. United States Parole Commission, 193 F.3d 195, 200 (3d Cir. 1999),

this is a regulation which gives the Commission a great deal of discretion.  The District

4

Court did not err in upholding the Commission's decision in this regard.

As to Bushman's allegations regarding the lack of an interim parole hearing and the Commission's inadequate basis for its decision 48 months above the lower limits of Category Eight guidelines, we will affirm for the reasons stated in the Report and Recommendation and adopted by the District Court.